MAXIMILIEN DE HOOP CARTIER
REGISTER NO. 12399-506
MDC BROOKLYN
P.O. BOX 329002
BROOKLYN, NY 11232

January 22, 2025

THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    JAN 3( 2025
500 PEARL STREET
NEW YORK, NY 10007

Re: United States v. Maximilien de Hoop Cartier, Docket No. S2 24 Cr. 133 (MKV)

Dear Judge Vyskocil:

Defendant, invoking his right to proceed pro se in accordance with the Sixth Amendment and 28 U.S.C. 1654, respectfully submits this motion to dismiss the indictment. For the reasons stated hereinafter, this motion should be granted.

I. BACKGROUND.

On February 20 2024, a criminal complaint was filed charging this Defendant with Conspiracy to commit Money Laundering in violation of 18 U.S.C 1956(h) (Count One), Money Laundering in violation of 18 U.S.C. 1956 (a)(1)(B)(I) (Count Two), Bank Fraud in violation of 18 U.S.C. 1344(1) and (2) (Count Three), Operating an Unlicensed Money Transmitting Business in violation of 18 U.S.C. 1960 (Count Four), and Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity, in violation of 18 U.S.C. 1957 (Count Five). On May 2 2024 a Superseding indictment was filed charging identical offenses. Defendant entered a plea of not guilty.

II. STATEMENT OF RELEVANT FACTS.

The conduct which formed the basis for the offenses charged in the indictment can be gleaned, in large part, from the criminal complaint filed in this case. That conduct consists largely of Defendant's alleged involvement in the transfer of funds from U.S. bank accounts he's alleged to have opened in the United States, to accounts abroad. According to the indictment, the U.S. bank accounts were allegedly opened after Defendant misrepresented to bank employees the intended use of the bank accounts. However, neither the indictment nor the complaint makes any allegation that Defendant, in allegedly making such false representations to the U.S. banks, targeted money or property in the hands of the U.S. banks. In fact, the allegations make clear that the alleged money/property at issue was neither owned or possessed by the U.S. banks, but was allegedly within the exclusive control of the Defendant.

III. ARGUMENTS.

THE COURT SHOULD DISMISS ALL COUNTS CHARGED IN THE DEFECTIVE INDICTMENT

A.  The Legal Standard.

"Under Federal Rules of Criminal Procedure 12(b), a court may dismiss an indictment for failure to state an offense." United States v. Pankey, No. 24 Cr. 122 (MKV), 2024 U.S. Dist. LEXIS 130274, at *8 (S.D.N.Y. July 23, 2024); Fed. R. Crim. P. 12(b)(3)(B)(v). In deciding a motion to dismiss an indictment, the Court must accept as true all factual allegations contained in the indictment. United States v. Gonzalez, No. 23 Cr. 18 (MKV), 2024 U.S. Dist. LEXIS 4601, at *5 (S.D.N.Y. Jan. 9, 2024)(citing

TRULINCS  12399506 - DE HOOP CARTIER, MAXIMILIE - Unit: BRO-K-C

--------------------------------------------------------------------------------------------------------------

United States v. Thomas, 492 F. Supp. 2d 405, 412-413 (S.D.N.Y. 2007)).

"An indictment is sufficient when it charges a crime with precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." United States v. Stavroulakis, 952 F.2d 686, 693 (2d Cir. 1992). "Dismissal is required where the conduct alleged in the indictment as a factual basis for the offense is not actually prohibited by the language of the statute." United States v. Aleynikov, 737 F. Supp. 2d 173, 176 (S.D.N.Y. 2010); see also United States v. Pirro, 212 F.3d 86, 91 (2d Cir. 2000). One "important corollary purpose" of the requirement that an indictment state the elements of an offense "is to inform the court of the facts alleged, so that it may decide whether they are sufficient in law to support a conviction, if one should be had." Russell v. United States, 369 U.S. 749, 768 (1962)(citing United States v. Cruikshank, 92 U.S. 542, 558 (1875)).

Rule 7(c) of the Federal Rules of Criminal Procedure requires that an "indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c).

B.  The Discussion.

(i)  Count One Fails To Charge A Crime & Charges a Non-Offense, Requiring Dismissal.

Count One purports to charge this Defendant with a conspiracy to commit money laundering. However, the count alleges that an object of the conspiracy was an "attempt to transport, transmit, and transfer a monetary instrument" and that the offense involved "specified unlawful activity" -- i.e., proceeds from "narcotics trafficking, in violation of Title 21, United States Code, Section 841..." (Indictment at 2, Para. 2). Count One is fatally flawed and must be dismissed.

First, "conspiracy to attempt a substantive crime is not a recognized form of liability -- and thus such a reading of the ambiguous indictment language would be inappropriate..." United States v. Eldridge, 2 F.4th 27, n. 14 (2d Cir. 2020). It cannot be discerned from the indictment whether the grand jury voted solely to indict based on this unrecognized theory of liability and for that reason, the indictment must be dismissed.

Second, the indictment's reference to "narcotics trafficking, in violation of 21, United States Code, Section 841," is grossly insufficient to alleged the "specified unlawful activity" element of a money laundering offense. To be sure, "specified unlawful activity" refers only to felonious conduct, and "Section 841" encompasses conduct that is not felonious. See, e.g., 21 U.S.C. 841(b)(1)(E)(3)("Schedule V" controlled substances punished by no more than one year imprisonment); Section 841(b)(1)(E)(4) ("small amounts of marijuana" for no remuneration, punished as misdemeanor); and Section 841(f)(2) "listed chemicals" punished as misdemeanor). Consequently, Count One does not charge an offense within the ambit of the federal money laundering statute.

Finally, in United States v. Montague, 2024 U.S. App. LEXIS 22689, at *4 (2d Cir., Sept. 8, 2024), the Second Circuit reversed a conviction under 21 U.S.C. 848 where the indictment failed to descend to particulars of the predicate offenses -- which were alleged to fall within the ambit of 21 U.S.C. 841 and 846. "[F]or an indictment to fulfill the function of notifying the defendant of the charges against him and of assuring that he is tried on matters considered by the grand jury, the indictment must state some fact specific enough to describe a particular criminal act, rather than a type of crime." Pirro, 212 F.3d at 93; United States v. Gumrukcu, 2024 U.S. Dist. LEXIS 146979, at *24 (D. Vt. Aug. 16, 2024). Count One must be dismissed.

(ii)  Counts Two, Three and Four of The Indictment Must Be Dismissed.

Count Three of the indictment intends to charge the offense of bank fraud, in violation of 18 U.S.C. 1344(1) and (2). However, the conduct forming the basis for the bank fraud charge is set forth in the indictment and is limited to an allegation that Defendant "opened accounts at financial institutions in the New York, New York and elsewhere, and falsely represented to the financial institutions that the accounts would be used primarily for software or technology related transactions, knowing that the accounts would be used to transmit funds on behalf of unlicensed money remitting business related to the operation of a cryptocurrency exchange, which passed through banks located in New York, New York and elsewhere." This conduct, however, does not constitute bank fraud.

A defendant commits bank fraud when he "knowingly executes, or attempts to execute, a scheme or artifice (1) to defraud a financial institution; or (2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. 1344. "Subsection 1 of the bank fraud statute requires that a defendant attempt both to 'deceive [a] bank' and to 'deprive it of something of value.'" United States v. Weigand, 482 F. Supp. 3d 224, 237 (S.D.N.Y. 2020)(quoting Shaw v. United States, 137 S.Ct. 462, 469 (2016)). "[T]he Supreme Court has also read a similar requirement into Subsection 2 for 'federalism-related

TRULINCS 12399506 - DE HOOP CARTIER, MAXIMILIE - Unit: BRO-K-C

--------------------------------------------------------------------------------------------------------

reasons': the indictment must allege 'some real connection to a federally insured bank -- namely, [that] a false statement will naturally reach such a bank (or a custodian of the bank's property).'" Id. (quoting Loughrin v. United States, 573 U.S. 351, 365 & n.8 (2014)).

        "The bank fraud statute was enacted to 'protect the financial integrity of [federal guaranteed financial] institutions, and . . . assure a basis for Federal prosecution of those who victimize these banks through fraudulent schemes.'" United States v. Jacobs, 117 F.3d 82, 93 (2d Cir. 1997)(quoting Starvroulakis, 952 F.2d at 694, which in turn quotes S. Rep. No. 225, 98th Cong., 2d Sess. 377 (1983), reprinted in, 1984 U.S.C.C.A.N. 3182, 3517). In order to violate the bank fraud statute, a false representation has to be made for the purpose of obtaining property, Loughrin, 573 U.S. at 356-57, and it must be property in the hands of a financial institution. See, e.g., Cleveland v. United States, 531 U.S. 12, 26 (2000)(holding that a scheme to defraud requires "the object of the fraud to be 'property' in the victim's hands...'); Pasquantino v. United States, 544 U.S. 349, 355 (2005); also see Kelly v. United States, 140 S.Ct. 1565, 1567 (2020)(reversing conviction for scheme to defraud where defendants did not seek to obtain any property).

        Since Count Three is not alleged to have involved property in the possession of any bank at the time of the alleged opening of the U.S. bank accounts, or the alleged false representation, the conduct upon which Count Three is based fails to charge a bank fraud offense. Moreover, since none of the funds allegedly involved in the case was owned by the bank or in the custody of the bank, it cannot be said that there was an effort to obtain property from a U.S. bank. Count Three must be dismissed.

        Finally, inasmuch as the conduct alleged in this case does not violate the federal bank fraud statute, Counts Two and Four must be dismissed inasmuch as both counts are predicated upon the conduct that formed the basis for Count Three.

        (iii)  Count Five Must Be Dismissed Since Venue Is Improper In The Southern District of New York.

        Count Five attempts to charge Defendant with violating 18 U.S.C. 1960. However, Count Five is completely devoid of any factual basis. Moreover, since none of the conduct attributed to Defendant occurred in the Southern District of New York, as he was not in the Southern District of New York, venue is improper and Count Five must be dismissed.

        "The Constitution requires that 'the Trial of all Crimes be held in the State where the said Crimes shall have been committed.'" United States v. Thompson, 896 F.3d 155, 171 (2d Cir. 2018)(quoting U.S. Const. art. III, Section 2, cl. 3). "In Rule 18, the Federal Rules of Criminal Procedure echo that directive: 'Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed.'" Id. (quoting Fed. R. Crim. P. 18). "[W] here venue is challenged on a pre-trial motion to dismiss, the Government's burden is limited to showing that the indictment alleges facts sufficient to support venue." United States v. Lira, No. 22 Cr. 151 (LGS), 2022 WL 17417129, *1 (S.D.N.Y. Dec. 5, 2022). Here, Count Five is devoid of any factual basis for concluding venue in the Southern District of New York. Thus, the Government cannot sustain its burden.

        For purposes of 18 U.S.C. 1960, venue lies only in the place where a defendant "conducts, controls, manages, supervises, directs, or owns all or part of an unlicensed money transmitting business." See, e.g., United States v. Eziyi, 2023 WL 6318118, at *9 (D. Utah, Sept. 28, 2023). Accordingly, Count Five must be dismissed.

IV.  CONCLUSION.

        For the reasons stated, the indictment must be dismissed.

                                        Respectfully submitted,

                                        /s/
                                        MAXIMILIEN DE HOOP CARTIER

cc: U.S. Atty's Office (SDNY)
      Jeffrey M. Cohn, Esq.

Maximilien de Hoop Cartier
# 12399506
MDC Brooklyn
P.O. Box 329002
Brooklyn, NY 11232

USMS
KINGS

NEW YORK NY 100

27 JAN 2025 PM 13 L

The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

10007-330599

FREEDOM FOREVER USA

FREEDOM FOREVER USA