JANUARY 31, 2025

THE HONORABLE MARY KAY VYSKOCIL
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

Re: United States v. Maximilien de Hoop Cartier, Docket No. S2. 24 Cr. 133 (MKV)

Dear Judge Vyskocil:

Defendant respectfully submits this brief reply to counsel's (Jeffrey Cohn) responsive letter in opposition to Defendant's motion to relieve counsel, order counsel to disgorge fee he received, and to appoint interim CJA counsel.

First, Defendant is mindful that, given Mr. Cohn's status as an officer of the court, his version of events is likely to be credited over this Defendant. It has therefore become necessary to share with the Court additional facts that should weigh on Mr. Cohn's credibility.

On November 23, 2024, Mr. Cohn filed a notice of appearance in this case. Yet, Mr. Cohn has produced a purported "fee agreement" which he represents was signed by this Defendant. The "fee agreement" bears a November 2024 date, but does not indicate when it was purportedly signed by this Defendant, or by Mr. Cohn.  However, not only has Defendant never seen the "fee agreement," he certainly never signed such an agreement. Nor does the "fee agreement"

represent the understanding between this Defendant and Mr. Cohn. In fact, while the total fee agreed upon was $300,000.00, Defendant agreed to pay $100,000.00 up front, with the balance to be paid after Mr. Cohn secured his release -- as promised. It should be noted that Defendant would never have agreed to the terms set forth in the "fee agreement" proffered to the Court, because Defendant is completely without the means to make good on the agreement unless he is out a prison -- something that Mr. Cohn assured him he could arrange by way of a pretrial release order from the Court. That Mr. Cohn would engage in the fraudulent act of creating the "fee agreement" and then presenting that to the Court is consistent with his fraudulent behavior in this matter, which has resulted in a complete lack of trust and confidence.

It should also be noted that Mr. Cohn had informed Defendant that he would seek an adjournment of the pretrial motion deadline, after making material misrepresentations to the Court as to the reason for such a delay. Defendant protested, and then insisted that before he files such a request, he should send a copy to the Defendant for his pre-approval. Mr. Cohn did just that on January 29, 2025, and assuming that Mr. Cohn had not filed that letter with the Court, Defendant will present that letter for the Court's review.

Mr. Cohn has repeatedly engaged in misconduct in this case. Indeed, the Court has criticized him for his failure to follow the Court's Individual Rules and even the Court's order. Mr. Cohn should be accorded no greater credibility based on his status as an officer of the Court. Indeed, upon information and belief, discovery was provided to Mr. Cohn by the Government, some of which was marked for "attorneys eyes only." Despite what is tantamount to a protective

order -- or what may actually be a protective order -- Mr. Cohn provided the material to Defendant and advised him not to mention it because Defendant is not supposed to have it because of a protective order. Defendant stands ready to relinquish his possession of the material as directed by the Court or the Government. Mr. Cohn, however, should be ordered to show cause why he should not be sanctioned for deliberately providing such material to this Defendant and placing him in harms way for possessing material that he was not authorized to possess. To make matters worst, the material was provided to Defendant by Mr. Cohn at the MDC in the visiting room. Bureau of Prisons policy strictly prohibits attorneys from providing anything to inmates during legal visits at the facility, and in this case Mr. Cohn's conduct is arguably criminal inasmuch as Defendant's possession of discovery that he has effectively been forbidden to possess constitutes "contraband," and Mr. Cohn committed the federal criminal offense of introducing contraband into a federal penal facility. See, 18 U.S.C. 1791. Since each visit with Mr. Cohn was captured on MDC Brooklyn's visitation surveillance videos (although not subject to auditory supervision) the Court could easily secure the recordings which will conclusively establish that Defendant never signed or reviewed the "fee agreement," and that Mr. Cohn provided him discovery in direct violation of a protection order, and Section 1791. We urge the Court to do so.

    At a minimum, the court should refer Mr. Cohn to the Committee on Grievances for the Southern District of New York for his unethical and illegal behavior. See, e.g., In re Peters, 543 F. Supp. 2d 326, 334-35 (S.D.N.Y. 2008)(Imposing interim suspension on attorney for, inter alia, violation of a protective order).

In closing, the Court should promptly appoint interim CJA counsel, and order Mr. Cohn to disgorge the $100,000.00 he received as payment for his assurance that he would secure Defendant's release on bail, which he failed to do.

Respectfully submitted,

/s/

MAXIMILIEN de HOOP CARTIER
REGISTER NO. 12399-506
METROPOLITAN DETENTION CENTER
P.O. BOX 329002
BROOKLYN, NEW YORK 11232

cc: U.S. Attorneys Office (SDNY)

Jeffrey Cohn, Esq.