UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MAXIMILIEN DE HOOP CARTIER,<br>a/k/a "Maximilano de Hoop Cartier,"<br>a/k/a "Max Cartier,"<br><br>Defendant. | **SUPERSEDING INDICTMENT**<br><br>S4 24 Cr. 133 (MKV) |

### COUNT ONE
**(Conspiracy to Commit Money Laundering)**

The Grand Jury charges:

1.      From at least in or about May 2023 through at least in or about February 2024, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

2.      It was a part and an object of the conspiracy that MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful

activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Section 841, and knowing that such transportation, transmission and transfer, was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Section 1956(h).)

### COUNT TWO
### (Money Laundering – Narcotics Trafficking)

The Grand Jury further charges:

3. From at least in or about May 2023 through in or about February 2024, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission and transfer represented the proceeds of some form of specified unlawful activity, to wit, narcotics trafficking, in violation of Title 21, United States Code, Section 841, and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 2.)

## COUNT THREE
### (Money Laundering – Bank Fraud)

The Grand Jury further charges:

4. From at least in or about January 2020 through in or about February 2024, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such a financial transaction, which transaction affected interstate and foreign commerce and involved the use of a financial institution which was engaged in, and the activities of which affected, interstate and foreign commerce, and which in fact involved the proceeds of specified unlawful activity, to wit, bank fraud, in violation of Title 18, United States Code, Section 1344, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity.

(Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.)

## COUNT FOUR
### (Bank Fraud)

The Grand Jury further charges:

5. From at least in or about January 2020 through in or about February 2024, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by

3

means of false and fraudulent pretenses, representations, and promises, to wit, CARTIER (i) falsely represented to certain banks that accounts would be used by businesses involved in the software publishing or software development industry, such as software or application development or implantation, or data processing and hosting, even though CARTIER knew the accounts were for businesses used by CARTIER and others to receive and transmit funds on behalf of third parties; (ii) falsely represented to certain banks that accounts would not be used to operate a money transmitting business related to the operation of an over-the-counter cryptocurrency exchange, (iii) submitted fake documents to certain banks regarding his business operations and an account with another bank to obtain additional banking services, such as wire reporting, reduced fees, and other enhanced account services; and (iv) made false representations and omitted material facts regarding the nature and purpose of transactions being conducted in accounts to certain banks to circumvent compliance, due diligence, and risk-based anti-money laundering systems and monitoring programs of those banks in connection with opening bank accounts and receiving and sending hundreds of millions of dollars of transactions.

(Title 18, United States Code, Sections 1344 and 2.)

## COUNT FIVE
### (Operation of an Unlicensed Money Transmitting Business)

The Grand Jury further charges:

6. From at least in or about January 2020 through in or about February 2024, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce and (i) was operated without an appropriate money transmitting license in a State where such operation was punishable

as a misdemeanor or a felony under State law; (ii) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section; and (iii) otherwise involved the transportation and transmission of funds that were known to the defendant to have been derived from a criminal offense and were intended to be used to promote or support unlawful activity, to wit, CARTIER controlled and operated multiple companies and bank accounts in the United States which he used to transmit funds, which he knew to have been derived from narcotics trafficking and bank fraud, on behalf of his clients in exchange for a fee, without obtaining a money transmitting license and without complying with money transmitting business registration requirements.

(Title 18, United States Code, Sections 1960 and 2.)

## FORFEITURE ALLEGATIONS

7. As a result of committing the offenses alleged in Counts One, Two, Three, and Five of this Indictment, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

8. As a result of committing the offense alleged in Count Four of this Indictment, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a

sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

*Jay Clayton*
JAY CLAYTON
United States Attorney