

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*26 Federal Plaza*
*New York, New York 10278*

August 25, 2025

**BY ECF**
The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

   Re: *United States v. Maximilien de Hoop Cartier, et. al*,
      No. 24 Cr. 133 (MKV)

Dear Judge Vyskocil:

  The Government respectfully writes to respond to defendant Maximilien de Hoop Cartier's (the "defendant's") letter addressing which portions of his motion to dismiss remain at issue in light of the return of the "S4" Superseding Indictment (the "S4 Indictment") (the "Letter"). (Dkt. Nos. 130, 133). For the reasons set forth below and in the Government's memorandum of law in opposition to the defendant's motion to dismiss the indictment (the "Government's S2 Opposition"), the Court should deny the defendant's renewed motion to dismiss Counts Three and Four of the S4 Indictment.

  **I.**  **Background**

  On March 7, 2024, a grand jury returned a six-count superseding indictment (the "S2 Indictment") charging the defendant and five others with various crimes including, as relevant to the defendant: (i) conspiracy to commit money laundering ("S2 Count One"); (ii) money laundering ("S2 Count Two"); (iii) bank fraud ("S2 Count Three"); (iv) engaging in a monetary transaction in property derived from specified unlawful activity ("S2 Count Four"); and (v) operation of an unlicensed money transmitting business ("S2 Count Five"). (Dkt. No. 16).

  On April 25, 2025, the defendant moved to dismiss Counts Two, Three, and Four of the S2 Indictment ("Motion to Dismiss"), arguing that the charges were legally defective. (Dkt. No. 87 ("Def. Mot.")). The Government opposed the defendant's motion arguing, among other things, that the charges in the S2 Indictment tracked the relevant statutes and the defendant's conduct fell squarely within what those statutes prohibit. (Dkt. No. 88, ("Gov't S2 Opp.")).

Honorable Mary Kay Vyskocil
August 25, 2025
Page 2

On July 28, 2025, the grand jury returned the S4 superseding indictment charging the defendant only in six counts: conspiracy to commit money laundering with narcotics trafficking as the specified unlawful activity ("S4 Count One"); money laundering with narcotics trafficking as the specified unlawful activity ("S4 Count Two"); money laundering with bank fraud as the specified unlawful activity ("S4 Count Three"); bank fraud ("S4 Count Four"); and operating an unlicensed money remitting business ("S4 Count Five"). (Dkt. No. 125, ("S4 Indictment")). Among other things, the S4 Indictment included a more detailed "to wit" clause for the bank fraud charge (S4 Count Four) and did not charge the defendant with engaging in a monetary transaction in property derived from specified unlawful activity (as had been charged in Count Four of the S2 Indictment).

On August 14, 2025, the defendant was arraigned on the S4 Indictment, and the Court ordered the defendant to submit a letter on or before August 20, 2025, clearly laying out which portions of the pending Motion to Dismiss are now moot, and which require resolution by the Court. (Dkt. 130).

On August 20, 2025, the defendant withdrew as moot his motion to dismiss S2 Count Four and his argument as to falsity with regard to the bank fraud charge. (Dkt. No. 133 ("Def. Ltr.")). The defendant maintained his argument that S4 Count Four (bank fraud) fails to allege that a traditional property interest is the object of the fraud as set forth in Sections I.A through I.D of the Motion to Dismiss. (Def. Ltr. at 3). In addition, the defendant argues that S4 Count Three (money laundering predicated on bank fraud) should be dismissed if the Court dismisses S4 Count Four for the separate reason that the two counts merge. (*Id*. at 3-4).

II.     **Discussion**

The defendant offers no new arguments in support of his argument that S4 Count Four fails to adequately allege a traditional property interest as the object of the fraud. (Def. Ltr. 3). To the contrary, he actually acknowledges that a property interest is "arguably" adequately alleged as the object of the new charge, but implies that the proof will be insufficient at trial. (*Id.* ("[T]he allegation in Paragraph 5(iii) – that Mr. Cartier 'submitted fake documents to certain banks regarding his business operations and an account with another bank to obtain additional banking services, such as . . . reduced fees[] and other enhanced account services' – is arguably capable of satisfying the government's burden of alleging a traditional property interest."). Accordingly, the defendant's claim fails for the same reasons set forth in the Government's S2 opposition.

As argued more fully in the Government's S2 Opposition, (*see* Gov't S2 Opp. 9-12), there can be no serious dispute that the S4 Indictment comports with settled law that an indictment "need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998); *see also, e.g.*, *United States v. Kwok*, No. 23 CR. 118 (AT), 2024 WL 1407057, at *9 (S.D.N.Y. Apr. 2, 2024) ("[A]n indictment sufficiently states a bank fraud conspiracy offense where it alleges that the defendant conspired to send false information to a financial institution to disguise the true nature of an account and to obtain funds from that account that were in the custody and control of the financial institution."); *United States v. Bankman-Fried*, 680 F. Supp. 3d 289,

Honorable Mary Kay Vyskocil
August 25, 2025
Page 3

305 (S.D.N.Y. 2023). Because the bank fraud charge in the S4 Indictment, like the bank fraud charge in the S2 Indictment, tracks the statutory language of 18 U.S.C. § 1344, it properly alleges that the defendant's scheme was to obtain "property" in violation of the bank fraud statute. *See United States v. Yannotti*, 541 F.3d 112, 127 (2d Cir. 2008). And although not legally required, the S4 Indictment's allegations—which are more detailed than in the S2 Indictment—describe multiple property interests that were the object of the bank fraud statute, consistent with Supreme Court precedent, *see, e.g.*, *Shaw v. United States*, 580 U.S. 63, 66 (2016), and that remain viable following *Ciminelli*.

The defendant's restated challenge to S4 Count Three (money laundering premised on bank fraud), (Def. Ltr. 3-4), rests entirely on the same arguments raised in his prior submission, and fails for the reasons the Government previously set forth. (*See* Gov't S2 Opp. 17-19.)

### III.     Conclusion

For the reasons previously set forth in the Government's S2 Opposition (primarily in Sections I.B.1, I.B.2, and I.C) and as restated above, the defendant's motions to dismiss Counts Three and Four of the S4 Indictment should be denied.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By:   s/ Jennifer Ong
      Jennifer N. Ong
      Eli J. Mark
      Assistant United States Attorneys
      (212) 637-2224/-2431

cc:    Counsel of Record (by ECF)