P8EBCARA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------x

UNITED STATES OF AMERICA,

v. 24 Cr. 133 (MKV)

MAXIMILIEN DE HOOP CARTIER,

Defendant.

Arraignment

------------------------------x

New York, N.Y.
August 14, 2025
12:00 p.m.

Before:

HON. MARY KAY VYSKOCIL,

District Judge

APPEARANCES

JAY CLAYTON
United States Attorney for the
Southern District of New York
BY: ELI J. MARK
Assistant United States Attorney

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO, P.C.
Attorneys for Defendant
BY: KATHLEEN E. CASSIDY
CHLOE LEWIS

(Case called)

THE COURT: Please be seated, everyone.

THE DEPUTY CLERK: Counsel starting with the government please state your name for the record.

MR. MARK: Good afternoon, your Honor.

Eli Mark on behalf of the government.

THE COURT: Good afternoon.

MS. CASSIDY: Good afternoon, your Honor.

Kathy Cassidy and Chloe Lewis on behalf of Mr. De Hoop Cartier who is present.

THE COURT: Good afternoon to you, Mr. De Hoop Cartier. Before we get going, Mr. De Hoop Cartier, I just want to confirm you do speak and understand English clearly?

THE DEFENDANT: Yes, I do.

THE COURT: You do not need the services of an interpreter, correct?

THE DEFENDANT: No, I don't. Thank you.

THE COURT: And has notice been provided to any victims?

MR. MARK: Yes, it has, your Honor.

THE COURT: All right. So as you all know, I'm Judge Vyskocil. This case has been assigned to me since it was initiated.

Mr. De Hoop Cartier, previously you were presented and arraigned on a six count multi-defendant superseding indictment

numbered S2 24 Cr. 133. We're here today for the purpose of arraigning you again because there is a new superseding indictment against you numbered S4 24 Cr. 133. You're the only defendant charged in that superseding indictment, and you are charged with five counts.

Count One charges you with conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h).

Count Two charges you with money laundering narcotics trafficking in violation of Title 18, United States Code, Section 1965(a)(2)(B)(i) and 2.

Count Three charges you with money laundering bank fraud in violation of Title 18, United States Code, Section 1956 (a)(1)(B)(i) and 2.

Count Four charges you with bank fraud in violation of Title 18, United States Code, Section 1344 and 2.

And Count Five charges you with operation of an un-licensed money transmitting business in Violation of Title 18, United States Code, Sections 1960 and 2.

So, as I say, while you were previously arraigned, sir, on the prior indictment, we have a new indictment against you, so you need to be arraigned with respect to that indictment. Have you seen a copy of the newly filed superseding indictment?

THE DEFENDANT: Yes, your Honor.

THE COURT: Have you discussed that indictment with your lawyer?

THE DEFENDANT: Yes, your Honor.

THE COURT: Would you like me to read the indictment aloud or do you waive public reading?

THE DEFENDANT: I waive public reading.

THE COURT: All right. I'm going to ask you how you intend to plead at this time with respect to each count?

THE DEFENDANT: Not guilty.

THE COURT: To all five counts?

THE DEFENDANT: All of them.

THE COURT: So a plea of not guilty will be entered with respect to all five counts of the superseding indictment. So let's for a few minutes just talk about where we're at with this case. It's the Court's understanding that all time is excluded until November 17, which is the date that was previously set for the trial of this matter. Is that accurate?

MR. MARK: Yes, that is accurate. Given that there is now a new count in this superseding indictment, we will make a request to the Court that time be excluded for the superseding indictment.

THE COURT: Yeah, we'll do that at the end. But, Ms. Cassidy, you do agree that all time was excluded until November 17, correct?

MS. CASSIDY: I do, your Honor.

THE COURT: All right. So I'd like to talk to you all about discovery. So I had a letter from Assistant United States Attorney Ong, and she noted in that letter that with respect to this new indictment, the charges are based on all of the same discovery relevant to the prior indictment; and that there is no additional discovery that needs to be produced. Is that accurate, sir?

MR. MARK: Yes, I can confirm that from the government.

THE COURT: And, Ms. Cassidy, you have all of the discovery at this point?

MS. CASSIDY: We do, your Honor.

THE COURT: All right. So then this next question is really addressed to you, Ms. Cassidy. There is pending a motion to dismiss the prior indictment. We very carefully tried to compare each of the two indictments. Your motion was addressed to Counts Two, Three and Four of the S2 indictment. What is your position on whether that motion is now moot in light of the newly filed superseding indictment?

MS. CASSIDY: Your Honor, we do not plan to submit any additional motions as to the superseding indictment. We do believe that our bank fraud motion that the government has failed to -- that the indictment fails to allege a sufficient property interest is an argument that we intend to preserve and that we believe still needs to be ruled on.

The other argument that we believe still is outstanding is the argument about the money laundering count with respect to bank fraud and that that would be a double counting of the same money.

THE COURT: As what? When you say double counting, you mean two counts are based on the same; is that what you're saying?

MS. CASSIDY: No, that the same transaction is basically asserted twice in the money laundering count.

THE COURT: So one is the money laundering bank fraud. What's the other count?

MS. CASSIDY: The other count is the bank fraud count, Count Four in the new indictment.

THE COURT: The freestanding.

MS. CASSIDY: The freestanding bank fraud count, yes. And if the Court would like, we can put in a brief letter just stating which arguments we believe still apply to the new indictment.

THE COURT: I think for the sake of good order it would be prudent if you could file something on the docket making clear what you think is not mooted and remains for resolution by the Court. Because I do have to say honestly that our quick review, I did think that your motion was mooted, that it did provide the additional details that you were looking for. And all of that, including the fact that with

respect to your arguments about the double charging, is that what you're saying? So that's Count Two and Count Three, right, in the old indictment.

MS. CASSIDY: I think it would now only apply to --

THE COURT: Count Two and Four, right?

MS. CASSIDY: It would now only apply to Count Three.

THE COURT: Three and Four you're saying is double counting?

MS. CASSIDY: The money laundering, the property interest argument I think still applies to Count Four, bank fraud. And the argument that the transactions -- that the bank fraud proceeds are also being -- are alleged to be -- sorry. That the proceeds are alleged to be bank fraud, and those are the same transactions that the indictment relies on for the laundering.

THE COURT: The bank fraud laundering. So that's new counts --

MS. CASSIDY: New Count Three and Four.

THE COURT: Previously Counts Two and Three, right?

MS. CASSIDY: Correct.

THE COURT: Okay. As I when comparing the two, I think now the timeframes for them are defined differently. So I could be wrong, but you need to go back and look at it carefully and do a very careful comparison and then submit something letting me know what you believe remains for

resolution by the Court, and what portions of your motion you're withdrawing; because there needs to be something on the docket about withdrawal to the extent you are withdrawing in part.

MS. CASSIDY: Understood, your Honor.

THE COURT: How long do you need to do that?

MS. CASSIDY: We can do that by Wednesday next week if that's acceptable.

THE COURT: Sure. Today is the 14th, so by the 20th?

MS. CASSIDY: Yes.

THE COURT: Okay. And then how long does the government need to respond?

MR. MARK: If we could have till the next week Monday.

THE COURT: The 25th.

MR. MARK: The 25th.

THE COURT: Sure. That works. All right. Now, trial is set for November 17. And given that there is no additional discovery, it's the Court's view that we are proceeding on the 17.

MR. MARK: I think the government and the defense counsel have conferred, and I think we both agree that this shouldn't affect the trial scheduling order that was entered by the Court on February 28, 2025.

THE COURT: Ms. Cassidy.

MS. CASSIDY: That's correct, your Honor.

THE COURT: Okay. All right then. I guess all that remains then, you said you had a further motion.

MR. MARK: Yes. We make the further motion to exclude time for the same reasons the Court excluded time previously in February, which is to allow the defendant and the defense counsel to continue to review discovery, prepare for trial, and for the parties to engage in potential pretrial negotiations and potential resolutions of the matter.

THE COURT: Ms. Cassidy.

MS. CASSIDY: No objection.

THE COURT: All right. So without objection, I will exclude all time from today through November 17, the trial, which will now be a trial on the newly filed S4 superseding indictment. I do find that the exclusion of such time outweighs the interest of the defendant and the public in a speedy trial; in that it will allow the defense to continue to review the discovery that has been provided to prepare the case for trial, to file this letter briefing with respect to the impact of the superseding indictment on the pending motion to dismiss, and it will permit the parties, should they wish to do so, to engage in discussions about a potential consensual disposition of the case.

Is there anything further?

MR. MARK: Not from the government, your Honor.

MS. CASSIDY: And not from the defense, your Honor.

THE COURT: All right. Thank you very much then. So please order a copy of the transcript of today's proceeding and make it available on the docket. And I thank our court reporter and I thank the marshals very much. We'll stand adjourned then. Thank you.

(Adjourned)