USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MAXIMILIEN DE HOOP CARTIER,
   a/k/a "Maximilano de Hoop Cartier,"
   a/k/a "Max Cartier,"

                Defendant.

SUPERSEDING INFORMATION

S5 24 Cr. 133 (MKV)

## COUNT ONE
### (Operation of an Unlicensed Money Transmitting Business)

The United States Attorney charges:

1.    From at least in or about 2018 through in or about February 2024, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, knowingly conducted, controlled, managed, supervised, directed, and owned all and part of an unlicensed money transmitting business, which affected interstate and foreign commerce and (i) was operated without an appropriate money transmitting license in a State where such operation was punishable as a misdemeanor or a felony under State law; and (ii) failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section, to wit, CARTIER controlled and operated multiple companies and bank accounts in the United States which he used to transmit funds on behalf of his clients in exchange for a fee, without obtaining a money transmitting license and without complying with money transmitting business registration requirements.

(Title 18, United States Code, Sections 1960(b)(1)(A), (b)(1)(B), and 2.)

## COUNT TWO
### (Conspiracy to Commit Bank Fraud)

The United States Attorney further charges:

2.      From at least in or about 2018 through at least in or about February 2024, in the Southern District of New York and elsewhere, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

3.      It was a part and an object of the conspiracy that MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, and others known and unknown, knowingly would and did execute, and attempt to execute, a scheme and artifice to defraud a financial institution, as that term is defined in Title 18, United States Code, Section 20, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such a financial institution, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344, to wit, CARTIER agreed with others to and did (i) falsely represent to banks that accounts would be used by businesses involved in the software publishing or software development industry even though the accounts were for businesses used by CARTIER and others to receive and transmit funds on behalf of third parties, (ii) falsely represent to banks that the accounts would not be used to operate a money transmitting business related to the operation of an over-the-counter cryptocurrency exchange; (iii) submit fake documents to banks regarding his business operations; and (iv) make false representations and omitted material facts regarding the nature and purpose of transactions being conducted.

Overt Acts

2

4. In furtherance of the conspiracy and to effect its illegal object, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

a. In or about August 2018, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," opened an account for Vintech Capital LLC ("Vintech Capital") at a U.S bank, headquartered in New York, New York ("Bank-1"). The application materials to Bank-1 indicated that Vintech Capital was in the "Software Publishers" business.

b. In or about October 2019, CARTIER opened an account for VC Innovated Technologies LLC ("VC Innovated") at Bank-1. The application materials to Bank-1 indicated that VC Innovated was in the "software publishers" and "app development and fin technology" business.

c. In or about February 2020, CARTIER opened an account for AZ Technologies LLC ("AZ Technologies") at Bank-1. The application materials to Bank-1 indicated that AZ Technologies was in the "Software Publishers" industry.

d. In or about March 2020, CARTIER opened an account for Softmill LLC ("Softmill") at a second U.S. bank ("Bank-2"). The application materials to Bank-2 stated that Softmill was in the business of data processing, hosting, and related services, as well as "application software."

e. In or about November 2021, CARTIER opened an account for Sun Technologies LLC ("Sun Technologies") at a third U.S. bank ("Bank-3"). The application materials to Bank-3 indicated that Sun Technologies was a "Software Dev Company" and in the "Services-Business."

    f. In or about November 2021, CARTIER opened an account for Bullpix Solutions LLC ("Bullpix") at a fourth U.S. bank ("Bank-4"). The application materials to Bank-4 indicated that Bullpix was in the "Professional, Scientific, and Technical Services" industry and provided the following business description: "Software development and implantation." In addition, CARTIER submitted falsified bank statements to Bank-4 to upgrade Bullpix's account at Bank-4.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATIONS**

    5. As a result of committing the offense alleged in Count One of this Information, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense and the following specific property (the "Specific Property"):

    a. any and all funds on deposit in Wells Fargo Account 1450354095, held in the name of Maximiliano de Hoop Cartier,

    b. any and all funds on deposit in Wells Fargo Account 3538891296, held in the name of Bullpix Solutions LLC,

    c. any and all funds on deposit in Bank of America Account 898128856623, held in the name of Sun Technologies Inc., and

    d. any and all funds on deposit in City National Account 128334424, held in the name of VC Innovated Technologies LLC.

6.  As a result of committing the offense alleged in Count Two of this Information, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), any and all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

### Substitute Assets Provision

7.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

*[signature]*
JAY CLAYTON
United States Attorney