```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  10/23/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

MAXIMILIEN DE HOOP CARTIER,
  a/k/a "Maximilano de Hoop Cartier,"
  a/k/a "Max Cartier,"

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S5 24 Cr. 133 (MKV)

        WHEREAS, on or about October 15, 2025, MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," (the "Defendant"), was charged in a two-count Superseding Information, S5 24 Cr. 133 (MKV) (the "Information"), with operation of an unlicensed money transmitting business, in violation of Title 18, United States Code, Sections 1960 and 2 (Count One); and conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1344 and 2 (Count Two);

        WHEREAS, the Information includes a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Information, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Count One of the Information and, among other things, the following specific property:

        a.    any and all funds on deposit in Wells Fargo Account 1450354095, held in the name of Maximiliano de Hoop Cartier (the "WF Account-1");

        b.      any and all funds on deposit in Wells Fargo Account 3538891296, held in the name of Bullpix Solutions LLC (the "WF-Account-2");

        c.      any and all funds on deposit in Bank of America Account 898128856623, held in the name of Sun Technologies Inc. (the "BOA Account"); and

        d.      any and all funds on deposit in City National Bank Account 128334424, held in the name of VC Innovated Technologies LLC (the "CNB Account")

(a. through d., collectively, the "Subject Accounts");

        WHEREAS, the Information includes a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(2), of any and all property constituting, or derived from, proceeds the Defendant obtained directly or indirectly, as a result of the commission of the offense charged in Count Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information;

        WHEREAS, on or about October 23, 2025, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States: (a) a sum of money in the amount of $2,362,160.62 representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Information; and (b) all right, title and interest of the Defendant in, among other things, the Subject Accounts, representing property that was involved in the offense charged in Count One of the Information;

WHEREAS, pursuant to seizure warrants, on or about February 20, 2024 the Government seized the following:

    a.    $80,429.96 in United States currency formerly on deposit in WF Bank Account-1;

    b.    $878,177.99 in United States currency formerly on deposit in the WF Account-2;

    c.    $151,954.36 in United States currency formerly on deposit in the BOA Account; and

    d.    $502.05 in United States currency formerly on deposit in the CNB Account

(a. through d., collectively, the "Specific Property");

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property involved in the offense charged in Count One of the Information, or any property traceable to such property;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,362,160.62 in United States currency, representing the amount of proceeds traceable to the offense charged in Count Two of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to and property involved in the offense charged in Count Two of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its

possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Jennifer Ong and Eli J. Mark, of counsel, and the Defendant, and his counsel, Kathleen E. Cassidy, Esq. and Chloe Lewis, Esq., that:

1. As a result of the offense charged in Count Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $2,362,160.62 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count Two of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant MAXIMILIEN DE HOOP CARTIER, a/k/a "Maximilano de Hoop Cartier," a/k/a "Max Cartier," and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn:

Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.  Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.  The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____    10/23/25
JENNIFER ONG/ELI J. MARK          DATE
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2224/2341


MAXIMILIEN DE HOOP CARTIER

By: _____    10/23/25
MAXIMILIEN DE HOOP CARTIER        DATE

By: _____    10/23/25
KATHLEEN E. CASSIDY, ESQ.         DATE
CHLOE LEWIS, ESQ.
Attorneys for Defendant
Morvillo Abramowitz Grand Iason & Anello, P.C.
565 Fifth Avenue
New York, NY 10017


SO ORDERED:

_____         10/23/2025
HONORABLE MARY KAY VYSKOCIL        DATE
UNITED STATES DISTRICT JUDGE