# EXHIBIT F1



Bogotá D.C., 12 de septiembre de 2023

Señores (as)

**FISCALÍA GENERAL DE LA NACIÓN, OFICINA DE ASIGNACIONES LOCALES, FISCALÍAS SECCIONALES Y LOCALES DE BOGOTÁ D.C.**

**ASUNTO: DENUNCIA**

**DENUNCIANTE: MAXIMILIEN DE HOOP CARTIER**
**DENUNCIADO: LUIS FELIPE VALLEJO ALVAREZ**
**DELITOS: LAVADO DE ACTIVOS Y ESTAFA**

**CAMILO LÓPEZ ACOSTA,** mayor de edad, con domicilio en esta ciudad, identificado con la Cédula de Ciudadanía No. 80.245.481 expedida en Bogotá D.C., abogado en ejercicio y portador de la Tarjeta Profesional No. 183.117 del C.S.J, actuando en nombre y en representación del señor **MAXIMILIEN DE HOOP CARTIER,** mayor de edad, identificado con Pasaporte No. **AAG294835** por medio del presente escrito me permito instaurar denuncia en contra de **LUIS FELIPE VALLEJO ALVAREZ**, mayor de edad, con domicilio en esta ciudad, identificado con la Cédula de Ciudadanía No. 71.319.170 de Medellín, por los delitos de lavado de activos y estafa de los artículos 323 y 246 del Código Penal Colombiano, en atención a lo anterior y de conformidad con los siguientes:

**HECHOS**

1. El señor **MAXIMILIEN DE HOOP CARTIER** es propietario de las empresas SOFTMILL LLC, AZ TECHNOLOGIES LLC y VC INNOVATED TECHNOLOGIES LLC. Empresas legalmente constituidas y con domicilio en Estados Unidos.

2. Que en las cuentas bancarias de dichas empresas, el señor **MAXIMILIEN DE HOOP CARTIER**, en razón a su actividad profesional de trader de activos digitales (criptoactivos) acostumbra a recibir dineros producto de operaciones cash – in y cash – out (OTC).

3. Que el señor **MAXIMILIEN DE HOOP CARTIER**, se dedica profesionalmente a la compra y venta como trader de criptoactivos desde hace muchos años.

4. Que debido a sus años como profesional en el intercambio de activos digitales – criptoactivos, el señor **MAXIMILIEN DE HOOP CARTIER** se ha convertido en referente importante de la industria.

5. Que la forma en que el señor **MAXIMILIEN DE HOOP CARTIER** consigue los clientes y ofrece la venta de cripto activos es por medio de referidos directos de su cartera de clientes.

6. Que el señor **MAXIMILIEN DE HOOP CARTIER** conoció al señor **FELIPE VALLEJO ALVAREZ** porque este último fue referido por el señor **MICHAEL STEVEN OVIEDO**, quien ya había realizado operaciones con mi poderdante. Por tanto, mi cliente visitó las oficinas del señor **FELIPE VALLEJO ALVAREZ** ubicadas en la ciudad de Medellín donde este manifestó su interés en realizar operaciones de criptoactivos y definieron de manera detallada, primero la forma de pago, la forma de verificar con quien se hace la transacción y finalmente la transferencia de los criptoactivos.

7. Que el señor **LUIS FELIPE VALLEJO ALVAREZ** se presentó al señor **MAXIMILIEN DE HOOP CARTIER** como un trader de criptoactivos profesional.

8. Como resultado de dicha relación profesional, el señor **MAXIMILIEN DE HOOP CARTIER** decidió realizar transacciones con el señor **LUIS FELIPE VALLEJO ALVAREZ.**

USAO_0000103115



**Bensons Clark**
Law Firm

9. Que en razón de estas operaciones de criptoactivos, el señor **MAXIMILIEN DE HOOP CARTIER** recibió múltiples transacciones por parte del señor **LUIS FELIPE VALLEJO ALVAREZ** a las cuentas bancarias de sus empresas por una suma total de UN MILLÓN DOSCIENTOS TREINTA Y SIETE MIL DOSCIENTOS VEINTINUEVE DOLARES Y TREINTA Y OCHO CENTAVOS **($**1,237,229.38).

10. Que el día 2 de julio de 2021 la Drug enforcement Administration (en adelante DEA) notificó a mi poderdante el embargo de los fondos de las empresas previamente nombradas cuyo envío fue realizado por el señor **LUIS FELIPE VALLEJO ALVAREZ,** por una suma de UN MILLÓN DOSCIENTOS TREINTA Y SIETE MIL DOSCIENTOS VEINTINUEVE DOLARES Y TREINTA Y OCHO CENTAVOS **($**1,237,229.38)

11. Que la DEA informó al señor **MAXIMILIEN DE HOOP CARTIER** que dicho embargo se realizó porque poseen elementos materiales probatorios que evidencian que los dineros entregados por el señor **LUIS FELIPE VALLEJO ALVAREZ** provienen de actividades de tráfico de estupefacientes.

12. Que mi poderdante presentó reclamo y petición a la DEA el 4 de agosto de 2021 argumentando el desconocimiento de que los fondos provengan de actividades de distribución de droga.

13. Que el día 7 de febrero de 2022 mi poderdante radicó una carta dirigida al Assistant United States Attorney alegando ser vendedor de buena fe y su debida diligencia y cuidado.

14. El día 22 de abril de 2022 mi poderdante llegó a un acuerdo vinculante con el gobierno de Estados Unidos donde se establecieron varias premisas, entre ellas, la inocencia de mi poderdante y la devolución de parte del dinero embargado.

15. El señor MAXIMILIEN DE HOOP CARTIER solicitó la colaboración de la DEA para poder obtener los elementos materiales probatorios necesarios para fundamentar la presente denuncia, sin embargo, nunca recibió respuesta.

**FUNDAMENTOS**

Fundamentada la presente denuncia en la siguiente norma del código penal:

***ARTÍCULO 246. ESTAFA****. El que obtenga provecho ilícito para sí o para un tercero, con perjuicio ajeno, induciendo o manteniendo a otro en error por medio de artificios o engaños, incurrirá en prisión de treinta y dos (32) a ciento cuarenta y cuatro (144) meses y multa de sesenta y seis punto sesenta y seis (66.66) a mil quinientos (1.500) salarios mínimos legales mensuales vigentes.*

Frente al anterior postulado referente al tipo penal de Estafa y con base en los hechos presentados, nótese su señoría que como lo ha expuesto ampliamente la doctrina y la jurisprudencia de la ***Corte Constitucional en Sentencia SP3233-2017***

*"Es esencial para la comisión del delito de estafa que el provecho ilícito con el correspondiente perjuicio de otro sea obtenido por medio de artificios o engaños que induzcan a la víctima en el error. En reciente providencia la Corte ha precisado los siguientes elementos como estructurales del delito de estafa: "a) Despliegue de un artificio o engaño dirigido a suscitar error en la víctima; b) Error o juicio falso de quien sufre el engaño, determinado por el ardid; c) Obtención, por ese medio, de un provecho ilícito; d) Perjuicio correlativo de otro, y e) Sucesión causal entre el artificio o engaño y el error, y entre éste y el provecho injusto que refluye en daño patrimonial ajeno"."*

Teniendo en cuenta lo anterior, se hace evidente que, las conductas efectuadas por **LUIS FELIPE VALLEJO ALVAREZ** se adecúan típicamente al delito de estafa, pues indujo en error **MAXIMILIEN DE HOOP CARTIER** al incitarlo a realizar operaciones

USAO_0000103116



de criptoactivos argumentando que sus recursos provenían supuestamente de medios lícitos y que su actividad profesional consistía en operaciones de criptoactivos, sin embargo, la investigación realizada por la DEA concluyó que el verdadero origen de los fondos era de actividades ilícitas de narcotráfico. De manera que, por un lado, **LUIS FELIPE VALLEJO ALVAREZ** tuvo un provecho ilícito al recibir Bitcoins por parte de mi poderdante. Por otro lado, **MAXIMILIEN DE HOOP CARTIER** recibió un perjuicio correlativo al embargo de sus fondos por una suma de UN MILLÓN DOSCIENTOS TREINTA Y SIETE MIL DOSCIENTOS VEINTINUEVE DOLARES Y TREINTA Y OCHO CENTAVOS (**$**1,237,229.38). Añadido a lo anterior, la DEA le bloqueó todas sus cuentas comerciales por todo un año, de manera que, sufrió un lucro cesante al no lograr operar en el mercado diariamente y de manera h abitual. Además, como consecuencia, se vieron afectadas todas sus relaciones comerciales y cartera de clientes.

La presente denuncia también se fundamenta en el siguiente tipo penal de nuestro Código Penal:

"***ARTÍCULO 323. LAVADO DE ACTIVOS****. El que adquiera, resguarde, invierta, transporte, transforme, almacene, conserve, custodie o administre bienes que tengan su origen mediato o inmediato en actividades de tráfico de migrantes, trata de personas, extorsión, enriquecimiento ilícito, secuestro extorsivo, rebelión, tráfico de armas, tráfico de menores de edad, financiación del terrorismo y administración de recursos relacionados con actividades terroristas, tráfico de drogas tóxicas, estupefacientes o sustancias sicotrópicas, delitos contra el sistema financiero, delitos contra la administración pública, contrabando, contrabando de hidrocarburos o sus derivados, fraude aduanero o favorecimiento y facilitación del contrabando, favorecimiento de contrabando de hidrocarburos o sus derivados, en cualquiera de sus formas, o vinculados con el producto de delitos ejecutados bajo concierto para delinquir, o les dé a los bienes provenientes de dichas actividades apariencia de legalidad o los legalice, oculte o encubra la verdadera naturaleza, origen, ubicación, destino, movimiento o derecho sobre tales bienes, incurrirá por esa sola conducta, en prisión de diez (10) a treinta (30) años y multa de mil (1.000) a cincuenta mil (50.000) salarios mínimos legales mensuales vigentes.*"

Teniendo en cuenta el anterior delito tipificado en nuestro Código Penal, es evidente que el señor LUIS FELIPE VALLEJO ALVAREZ administró, conservó e invirtió bienes provenientes de actividades de tráfico de estupefacientes o sustancias sicotrópicas y les dio apariencia de legalidad al realizar operaciones de criptoactivos de dichos fondos por una suma de UN MILLÓN DOSCIENTOS TREINTA Y SIETE MIL DOSCIENTOS VEINTINUEVE DOLARES Y TREINTA Y OCHO CENTAVOS (**$**1,237,229.38), lo anterior puede demostrarse con la cooperación internacional de los tribunales colombianos con la Drug Enforcement Administration (DEA), debido a que, esta última posee los elementos materiales probatorios y evidencia física para esclarecer el origen de los fondos.

Cabe añadir que la Corte Suprema de Justicia ha sido reiterativa al recalcar que en delito de lavado de activos solo debe acreditarse el origen ilícito del patrimonio, y no es necesario acreditar las circunstancias de modo, tiempo y lugar de del delito que dio origen al patrimonio. De esta manera, con los indicios que puede brindar la DEA, es claro que la conducta del señor LUIS FELIPE VALLEJO ALVAREZ se adecúa al delito de lavado de activos del Código Penal Colombiano.

Frente a lo anterior, la Corte Suprema de Justicia en sentencia SP282-2017 afirma que:

"*En síntesis: (i) uno de los elementos del delito de lavado de activos es el origen directo o indirecto de los bienes sobre los que recaen los verbos rectores incluidos en la norma, en alguna de las actividades referidas en el artículo 323 del Código Penal (de secuestro, narcotráfico, etc.); (ii) por tanto, ese aspecto inexorablemente debe hacer parte del tema de prueba; (iii) ese elemento del tipo penal, como los demás, debe demostrarse en nivel de certeza –racional- (Ley 600 de 2000) o convencimiento más allá de duda razonable (Ley 906 de 2004); (iv) su acreditación puede hacerse a través de "prueba directa" o "prueba indirecta"; (iv) no es necesario que exista una condena previa por los delitos que generaron los bienes o las ganancias sobre los que recaen las acciones*

USAO_0000103117

**Bensons Clark**
Law Firm

*descritas en el artículo 323; (v) tampoco es imperioso que se establezca que los delitos que dieron lugar a dichas ganancias o bienes ocurrieron en determinadas condiciones de tiempo, modo o lugar, pues lo determinante es establecer el origen directo o indirecto de ese patrimonio, en la actividad ilícita; (vi) no existe un régimen de tarifa legal para la valoración de los hechos indicadores, por lo que el juzgador debe evaluar en cada caso si los datos le imprimen suficiente fuerza a la conclusión; (vii) cuando la Fiscalía logra demostrar la hipótesis de la acusación, en el nivel de conocimiento indicado, la demostración de la plausibilidad de las hipótesis alternativas corre a cargo de la defensa cuando es quien tiene más fácil o exclusivo acceso a las pruebas; (viii) mientras la hipótesis de la acusación debe demostrarse en el nivel de certeza (racional) o convencimiento más allá de duda razonable, las hipótesis alternativas que alega la defensa, si bien no están sometidas a ese estándar, deben ser verdaderamente plausibles."*

Una vez acreditado lo anterior, en cualquier caso, se insta respetuosamente al delegado de la Fiscalía para que en uso de las facultades que le son atribuidas investigue la conducta desplegada y se pueda llegar a una conclusión acerca de los hechos delictivos de los cuales fue víctima mi cliente la señora **JENNIFER VANESSA CASTELLANOS JIMÉNEZ.**

## PETICIONES

Teniendo en cuenta los hechos narrados, los cuales dan cuenta los delitos de estafa y lavado de activos, solicito se investiguen estos hechos y se recojan, soliciten, descubran y enuncien los elementos materiales  con vocación de prueba necesarios para establecer la ocurrencia de los hechos denunciados y la responsabilidad penal de **LUIS FELIPE VALLEJO ALVAREZ.**

Añadido a lo anterior, solicito se envíe una carta rogatoria dirigida a la DEA e intenten contactarse con el agente especial de la DEA, BRIAN SARTORI, quien fue el encargado del caso relacionado en el acápite de hechos en Estados Unidos. Número telefónico:267-990-2280 – Correo electrónico: Brian.C.Sartori@dea.gov para que alleguen todos los elementos material probatorios y evidencia física recaudada por dicha organización sobre **LUIS FELIPE VALLEJO ALVAREZ**.

Petición que la fundamento no solo en el deber constitucional y legal de denuncia que el Estado colombiano les ha impuesto a todos sus ciudadanos, sino también en la facultad que le asiste a **MAXIMILIEN DE HOOP CARTIER** como víctima de los hechos delictivos denunciados, en el marco de la Ley 906 de 2004.

## FUNDAMENTO NORMATIVO

Siendo respetuoso de la potestad legal que le asiste a la Fiscalía General de la Nación para la adecuación típica de las conductas que son puestas en su conocimiento por revestir características de delito. Se sugiere que la presente indagación se adelante por los delitos de estafa y lavado de activos contemplados en los artículos 246 y 323 del Código Penal Ley 599 de 2000.

## ELEMENTOS MATERIALES CON VOCACION DE PRUEBA

- Poder del señor **MAXIMILIEN DE HOOP CARTIER** al doctor **CAMILO LÓPEZ ACOSTA.**

**-** Settlement agreement entre **los Estados Unidos de América** y **MAXIMILIEN DE HOOP CARTIER.**

**-** Reclamo radicado ante la Drug Enforcement Administration (DEA)

USAO_0000103118



- Petición radicada ante la Drug Enforcement Administration (DEA)

- Carta dirigida al Assistant United States Attorney en respuesta al embargo de los fondos.

- Comprobantes de pago de giros realizados por **FELIPE VALLEJO ALVAREZ** a favor de **MAXIMILLIEN DE HOOP CARTIER**, discriminados de la siguiente manera:

1.    USD 57,005.40.— Wire Date: 11/20/2020
2.    USD 101,540.90.— Wire Date: 11/24/2020
3.    USD 150,000.00.— Wire Date: 11/27/2020
4.    USD 150,000.00.— Wire Date: 11/27/2020
5.    USD 150,000.00.— Wire Date: 11/27/2020
6.    USD 93,256.08.— Wire Date: 12/02/2020
7.    USD 150,000.00.— Wire Date: 12/02/2020
8.    USD 36,046.50.— Wire Date: 12/03/2020
9.    USD 99,865.00.— Wire Date: 12/14/2020
10.   USD 99,986.00.— Wire Date: 12/14/2020
11.   USD 99,724.00.— Wire Date: 12/14/2020
12.   USD 49,805.40.— Wire Date: 12/22/2020

### NOTIFICACIONES

Al denunciante en la Carrera 7 número 33 - 29 oficina 5 edificio Continental en la ciudad de Bogotá y al correo electrónico camilo.lopez@bensonsclark.com

Al suscrito apoderado en la Carrera 7 número 33 - 29 oficina 5 edificio Continental en la ciudad de Bogotá y a los correos electrónicos camilo.lopez@bensonsclark.com.

Atentamente,

**CAMILO LÓPEZ ACOSTA**
**C.C. No. 80.245.481 de Bogotá.**
**T.P. No. 183.117 del C.S.J**

USAO_0000103119

 Gmail

Camilo López Acosta <camilo.lopez@bensonsclark.com>

**Poder**
2 mensajes

**max dehoopcartier.org** <max@dehoopcartier.org>                                   28 de septiembre de 2023, 13:42
Para: Camilo López Acosta <camilo.lopez@bensonsclark.com>

FISCALÍA GENERAL DE LA NACIÓN, OFICINA DE ASIGNACIONES LOCALES, FISCALÍAS SECCIONALES Y LOCALES DE BOGOTA D.C.
ASUNTO: OTORGAMIENTO DE PODER

REF: DENUNCIA PENAL

MAXIMILIEN DE HOOP CARTIER, mayor de edad, identificada con pasaporte No. AAG294835, por medio del presente escrito, en virtud de lo establecido en la Ley 2213 del 2022 - Artículo 5, manifiesto que otorgo poder especial amplio y suficiente al doctor CAMILO LOPEZ ACOSTA, mayor de edad, domiciliado y residente en la ciudad de Bogotá D.C, identificado con cédula de ciudadanía número 80.246.482 y tarjeta profesional 183.117 del Consejo Superior de la Judicatura, para que en mi nombre y representación, interponga denuncia ante la Fiscalía General de la Nación contra el señor LUIS FELIPE VALLEJO ALVAREZ, identificado con cédula de ciudadanía No. 71.319.170, por los delitos de estafa, lavado de activos y demás delitos que se lleguen a configurar dentro del estudio de los hechos punibles.

El referido apoderado cuenta con todas las facultades requeridas para los anteriores propósitos y además para que represente los intereses de la sociedad comercial y todo aquello que sea necesario en defensa de sus derechos legítimos. El presente poder además de las facultades inherentes al mismo, faculta al apoderado para interponer recursos, conciliar, transigir, recibir, pedir y aportar pruebas, desistir, sustituir, reasumir, renunciar, presentar incidentes de reparación, participar en todas las audiencias que se presenten, solicitar la conversión de la acción penal (contemplada en la Ley 1826 del 2017) y de más facultades en general para realizar todos los actos y funciones pertinentes al desarrollo del proceso necesarios para el buen cumplimiento de su mandato consagrados en el Art. 77 del C.G.P.

Sírvase reconocer al apoderado de la sociedad.

Atentamente,
MAXIMILIEN DE HOOP CARTIER
Pasaporte No. AAG294835

**Camilo López Acosta** <camilo.lopez@bensonsclark.com>                              2 de octubre de 2023, 14:59
Para: "max dehoopcartier.org" <max@dehoopcartier.org>

Acepto el poder en los términos conferidos

 Bensons Clark
Law Firm

Camilo López
Acosta
*Socio/ partner*

www.bensonsclark.com

Cel: 3103456343
Carrera 7 # 33 – 29
Ofc. 5 / (571) 704 6121          [Texto citado oculto]
**Bogotá – Colombia**





USAO_0000103120

## SETTLEMENT AGREEMENT

THIS AGREEMENT is made this 22nd day of April, 2022, by and between the UNITED STATES OF AMERICA, by its attorneys, Jennifer Arbittier Williams, United States Attorney for the Eastern District of Pennsylvania, Sarah L. Grieb and Justin Ashenfelter, Assistant United States Attorneys, David Weisberg, Special Assistant United States Attorney, and Maximilien De Hoop Cartier, by and through counsel, as follows:

## BACKGROUND

WHEREAS, on or about April 6, 2021, Drug Enforcement Administration ("DEA") agents executed a seizure warrant at Citizens Bank and seized the following funds from the following Citizens Bank accounts (hereinafter known collectively as the "Seized Currency"):

1.  $713,879.10 in United States currency from account #4020476267, in the name of VC Innovated Technologies, LLC;

2.  $329,341.03 in United States currency from account #4020476275, in the name of Softmill LLC; and

3.  $125,496.00 in United States currency from account #4020476259, in the name of AZ Technologies LLC; and

WHEREAS, Maximilien De Hoop Cartier is the sole owner of VC Innovated Technologies LLC, Softmill LLC, and AZ Technologies LLC; and

USAO_0000103121

WHEREAS, on or about July 2, 2021, as required by law, the DEA sent direct written notice to known interested parties, to include Maximilien De Hoop Cartier, regarding the agency's intention to forfeit the Seized Currency[1]; and

WHEREAS, notice of the administrative forfeiture was posted on an official government internet site (www.forfeiture.gov) for at least 30 consecutive days, beginning on July 19, 2021, and ending on August 17, 2021; and

WHEREAS, on or about August 5, 2021, Maximilien De Hoop Cartier filed a claim with the DEA seeking the return of the Seized Currency; and

WHEREAS, no other parties filed a claim with the DEA contesting the administrative forfeiture of the Seized Currency; and

WHEREAS, the United States and Maximilien De Hoop Cartier, by and through counsel, have entered into an agreement to settle and compromise his claim against the Seized Currency on the terms and conditions set forth below.

## AGREEMENT

NOW, THEREFORE, the parties, intending to be legally bound, agree to settle this matter on the following terms:

1.      Maximilien De Hoop Cartier (hereinafter "the Claimant") and the United States Government agree that a total of $400,000 of the Seized Currency is to be forfeited by the United States.

2.      The Claimant agrees to withdraw his claim that he filed with the DEA as to the $329,341.03 in United States currency from Citizens Bank account #4020476275.

---

[1] Direct written notice was sent with respect to the $329,341.03 in United States currency from Citizens Bank account #4020476275; and the $125,496.00 in United States currency from Citizens Bank account #4020476259. Because the funds in Citizens Bank account #4020476267 are in excess of $500,000, the government was not required to begin administrative forfeiture proceedings on this asset, pursuant to 19 U.S.C. § 1607.

USAO_0000103122

3.     The Claimant agrees to withdraw his claim that he filed with the DEA as to $70,658.97 of the $125,496.00 in United States currency from Citizens Bank account #4020476259.

4.     The Claimant agrees that the Seized Currency in the amount of $400,000 shall be administratively forfeited to the United States.

5.     The Claimant will execute all necessary documents to permit the DEA to forfeit the Seized Currency in the amount of $400,000 under this Agreement.

6.     The Claimant agrees not to assist any third party in contesting the forfeiture of the Seized Currency in the amount of $400,000 on any ground, and not to petition or assist anyone else in petitioning for the remission or mitigation of the forfeiture of this property. To the extent practicable, Claimant also agrees to cooperate with the government in any proceeding involving possible third-party claims filed against the Seized Currency.

7.     As soon as practicable after the consummation of this Agreement, the United States, through its authorized agent, shall return the remaining $768,716.13 of the Seized Currency to the Claimant, through his counsel, Benjamin Allee, to the IOLTA Escrow Account of Yankwitt, LLP.[2]

8.     The Claimant agrees and understands that the United States will return the funds as set forth in paragraph 7, above, less any debt that the Claimant may owe to the United States, any agency of the United States, or any other debt in which the United States is authorized to collect.

9.     The Claimant hereby waives all time limits set forth in 18 U.S.C. § 983 and any claim to further notice.

---

[2] The parties agree that the funds to be returned to the Claimant shall consist of all funds from the VC Innovated Technologies, LLC account, as well as $54,837.03 from the AZ Technologies LLC account.

USAO_0000103123

10. This Agreement shall not constitute an admission of liability or fault on the part of the Claimant, or on the part of the United States of America or its agents.

11. The parties shall bear their respective attorneys' fees and costs. Maximilien De Hoop Cartier specifically waives any claim for attorneys' fees and costs under 28 U.S.C. § 2465(b)(1)(A), to the extent applicable.

12. The Claimant hereby releases and forever discharges the United States of America, the DEA, and their officers, agents, servants and employees, their heirs, successors or assigns, and all law enforcement personnel working with them, from any and all actions, causes of action, suits, or proceedings, debt, contracts, judgments, damages, claims and/or demands whatsoever in law or equity which Maximilien De Hoop Cartier, his successors, or assigns ever had, now have, or have in the future in connection with the seizure and detention for forfeiture of the Seized Currency.

13. Each of the parties participated and cooperated in the drafting and preparation of this Agreement, and, therefore, the parties agree that neither this Agreement nor its terms should be construed against either of the parties.

14. No additional promises, agreements, and conditions have been entered into between the United States and the Claimant concerning the Seized Currency other than those set forth in this Agreement, and none will be unless in writing and signed by all parties.

15. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall be deemed one and the same instrument.

USAO_0000103124

16.    The undersigned have read this Agreement before signing and fully understand its terms and conditions.

FOR THE PARTIES:

JENNIFER ARBITTIER WILLIAMS
United States Attorney

_____
SARAH L. GREIB
Assistant United States Attorney
Chief, Asset Recovery and
Financial Litigation Section

_____
MAXIMILIEN DE HOOP CARTIER
Claimant

_____
JUSTIN ASHENFELTER
Assistant United States Attorney

_____
BENJAMIN ALLEE
Counsel for Claimant

_____
DAVID WEISBERG
Special Assistant United States Attorney

USAO_0000103125



# PETITION FOR REMISSION/MITIGATION FORM

**Note**: There is no legal form or format required for filing a petition; this document is provided for your convenience. Please visit https://www.forfeiture.gov/FilingPetition.htm for more specific guidance on filing your petition with the appropriate seizing agency.

**Frivolous Petition Statement:** A petition containing false information may subject the petitioner to criminal prosecution under Title 18 United States Code Section 1001 and Title 18 United Sates Code Section 1621.

**Privacy Act Notice:** The Department of Justice is collecting this information for the purpose of processing your petition for remission and/or mitigation. Providing this information is voluntary; however, the information is necessary to process your application. Information collected is covered by Privacy Act System of Records Notice Department of Justice (DOJ), DOJ-002-DOJ Computer Systems Activity & Access Records, Federal Register (71 FR 29170). This information may be disclosed to contractors when necessary to accomplish an agency function, to law enforcement when there is a violation or potential violation of law, or in accordance with other published routine uses. For a complete list of routine uses, see the system records notice listed above.

USAO_0000103126

## SECTION I - CONTACT INFORMATION

| PETITIONER INFORMATION | |
|---|---|
| **Petitioner/Contact Name:** (Last, First)<br>De Hoop Cartier, Maximilien | |
| **Business/Institution Name:** (if applicable)<br>Softmill LLC | **Prisoner ID:** (if applicable) |
| **Address:** (Include Street, City, State, and Zip Code)<br>16192 Coastal Highway<br>Lewes, DE 19958 | |
| **Social Security Number/Tax Identification Number:** (Enter N/A if you do not have one)<br>10-1954611 | |
| **Phone:** (optional) | **Email:** (optional) |

| ATTORNEY INFORMATION (if applicable) | |
|---|---|
| **Attorney Name:** (Last, First)<br>Allee, Benjamin | |
| **Attorney Title:** | |
| **Firm Name:** (if applicable)<br>Yankwitt LLP | |
| **Attorney Address:** (Include Street, City, State, and Zip Code)<br>140 Grand Street<br>Suite 705<br>White Plains, NY 10601 | |
| **Are you an attorney filing this petition on behalf of your client?** [X] Yes ☐ No | |
| **Attorney Phone:** (optional)<br>914-686-1500 | **Attorney Email:** (optional)<br>benjamin@yankwitt.com |

*If any of this information changes, you are responsible for notifying the agency of the new information.*

USAO_0000103127

## <u>SECTION II - ASSET LIST</u>

*You must identify your role for each asset in your petition. Please review the role definitions below.*

| ROLE INFORMATION (multiple roles may apply to each asset) | |
|---|---|
| **Owner** | *The person in whom primary title is vested or whose interest is manifested by the actual and beneficial use of the property, even though the title is vested in another. A victim of an offense, as defined in this section, may also be an owner if he or she has a present legally cognizable ownership interest in the property forfeited. A nominal owner of property will not be treated as its true owner if he or she is not its beneficial owner.* |
| **Victim** | *A person who has incurred a pecuniary loss as a direct result of the commission of the offense underlying a forfeiture. A drug user is not considered a victim of a drug trafficking offense under this definition. A victim does not include one who acquires a right to sue the perpetrator of the criminal offense for any loss by assignment, subrogation, inheritance or otherwise from the actual victim, unless that person has acquired an actual ownership interest in the forfeited property; provided however, that if a victim has received compensation from insurance or any other source with respect to a pecuniary loss, remission may be granted to the third party who provided the compensation, up to the amount of the victim's pecuniary loss.* |
| **Lienholder** | *A creditor whose claim or debt is secured by a specific right to obtain satisfaction against the particular property subject to forfeiture. A lien creditor qualifies as a lienholder if the lien:*<br><br>*(1) Was established by operation of law or contract;*<br><br>*(2) Was  created as a result of an exchange of money, goods, or services; and*<br><br>*(3) Is perfected against the specific property forfeited for which remission or mitigation is sought (e.g., a real estate mortgage; a mechanic's lien).* |

*Identify the asset ID and asset description for each asset you are petitioning and indicate your role as a petitioner for each asset. You may select one or more roles.*

| # | Asset ID | Asset Description | Owner | Victim | Lienholder |
|---|---|---|---|---|---|
| 1 | 21-DEA-677429 | Financial Instrument - Checking and Savings Accounts -  Value = $329,341.03, SN: ****6275 seized by the DEA  on April 6, 2021 in Riverside, RI. | [X] | [ ] | [ ] |
| 2 | 21-DEA-677435 | Financial Instrument - Checking and Savings Accounts -  Value = $125,496.00, SN: ****6259 seized by the DEA  on April 6, 2021 in Riverside, RI. | [X] | [ ] | [ ] |

USAO_0000103128

## SECTION III - INTEREST IN PROPERTY

*Provide additional information for the assets where you have identified yourself as the owner and/or lienholder. If you are petitioning for multiple assets and the responses are not the same for each asset, please print out multiple copies of this page to submit with the petition and indicate which assets apply to each page. If you have documentation that supports your interest in the petitioned assets (bill of sale, retail installment agreements, contracts, titles or mortgages) please include copies of the documents with the submission of the petition.*

| INTEREST IN PROPERTY INFORMATION | |
|---|---|
| **Asset ID** | **Asset Description** |
| 21-DEA-677429 | Financial Instrument - Checking and Savings Accounts -  Value = $329,341.03, SN: ****6275 seized by the DEA  on April 6, 2021 in Riverside, RI. |
| 21-DEA-677435 | Financial Instrument - Checking and Savings Accounts -  Value = $125,496.00, SN: ****6259 seized by the DEA  on April 6, 2021 in Riverside, RI. |

**In the space below, please explain why you have a valid, good faith, and legally recognizable interest in the asset(s) as an owner or lienholder:**

The seized property comprises funds in two bank accounts of Delaware companies -- Softmill LLC and AZ Technologies LLC (the "Transaction Processing Companies") -- containing exclusively proceeds of lawful transactions involving cryptocurrency trades.  The cryptocurrency transactions were by clients of the Transaction Processing Companies and made on a cryptocurrency trading platform called OSL.  The Transaction Processing Companies performed due diligence on their clients to vet them and ensure compliance with all regulatory requirements.  OSL is a recognized trading platform focused on digital asset trading and trading services for institutional and professional traders.  None of the funds, as far as the CEO and principal of the companies is aware, are proceeds of drug distribution or traceable to proceeds of drug distribution.

**Select the reason why you are petitioning for remission and/or mitigation of the asset(s)?**

[X]  I am an innocent owner and I did not know of the conduct giving rise to the forfeiture OR I am an innocent owner and upon learning of the conduct giving rise to the forfeiture, I did all that reasonably could be expected under the circumstance to terminate such use of the property.

[ ]  I was a bona fide purchaser or seller of the forfeited property for value, AND I did not know and was without cause to believe that the property was subject to forfeiture at the time I acquired my interest in the property.

[ ]  None of the above. I am only seeking mitigation.

**In the space below, please explain the reason for filing a petition.**

The transactions resulting in the funds seized from the bank accounts were lawful.  They had nothing to do with and were not the proceeds of drug distribution.  Moreover, the clients who engaged in the transactions were vetted to ensure compliance with all regulatory requirements.  The Transaction Processing Companies are not aware of any unlawful activity by any of their clients that resulted in ill-gotten gains, and indeed they were processing proceeds of lawful transactions involving cryptocurrency trades.  Indeed, the Transaction Processing Companies are obligated to remit payment of the funds, which were seized, to its clients, as the funds are the proceeds of lawful cryptocurrency transactions.

**In the event that the ruling official determines that I do not qualify for remission of the property, I hereby request mitigation of the forfeiture to avoid extreme hardship.**

[X]  YES      [ ]  NO

**In support of my request, I would like the ruling official to consider the following extenuating circumstances:**

As noted, the Transaction Processing Companies are unaware of any unlawful activity that resulted in ill-gotten gains being deposited into their bank accounts.  To the extent, however, that any portion of proceeds in the bank accounts is forfeitable, the Transaction Processing Companies request that only those funds be forfeited, and the remainder of the

USAO_0000103129

## SECTION III - INTEREST IN PROPERTY

funds in the bank accounts be released in order that the Companies may complete the lawful transactions of its clients and no longer be obligated to them for incomplete transactions.

**In the space below, please list any documents you are including in support of your interest in the asset(s). If none are included, please explain why.**

* Letter re: Kroll due diligence - 2019.10.31 Silvergate Bank - VC Innovated Technologies LLC.pdf
* Risk assessment summary - 2019.10.31 VC Innovated Technologies LLC Internal Risk  Assessment-2.pdf
* Duff and Phelps AML training - 2019.11 - VC - AML Training - MSB.pdf
* VC policies - 2020.01.09 - VC Innovated Technologies LLC AML Policy.pdf
* AZ tech offsets and wires - AZ Tech Offsets and Wires 202007 to 20210228 (1).pdf
* AZ tech statements - AZ Tech Statements 202007 to 202102 (2).pdf1.pdf
* 5.5.21 letter of confirmation - CITIBANK 2.pdf
* 7.21.21 letter re: summary table - De Hoop Cartier.pdf
* 5.7.21 letter of confirmation - LETTER OF CONFIRMATION 1.pdf
* 5.7.21 letter of confirmation 2 - LETTER OF CONFIRMATION 2.pdf
* 4.24.21 letter of confirmation - Letter of Confirmation.pdf
* Softmill wires - Softmill all wires.pdf
* Softmill statements - Softmill Statements 202007 to 20210228.pdf
* summary table - SUMMARY FILE.pdf
* VC business plan - VC BP.pdf
* VC MSB registration - VC Innovated Technologies MSB Registration copy.pdf
* VC statements - VC Statements 202007 to 202102 (1).pdf
* VC wires - VC Wires 202007 to 202102.pdf
* 5.1.21 letter of confirmation - WIRE WELLS FARGO LFG HOSPITALITY LLC.pdf

USAO_0000103130

## SECTION IV - RECOVERY OF LOSS

No Recovery of Loss exists.


## SECTION V - DECLARATION AND REPRESENTATION

*The following declaration should be completed by the petitioner. If the petitioner is represented by an attorney, the attorney may complete the declaration as long as the petitioner completes the sworn notice of representation.*

   I attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

_____

**Signature**

Allee, Benjamin

_____

**Printed Name**


_____

**Date**


## Sworn Notice of Representation

*This section must be completed only by petitioners who are represented by an attorney and whose attorney has executed the declaration provided above.*

   I have retained the above-named attorney who has authority to represent me in this matter. I have fully reviewed the foregoing petition and found that its contents are truthful and accurate in every respect. I declare under penalty of perjury that the foregoing information is true and correct.

_____

**Signature**

De Hoop Cartier, Maximilien

_____

**Printed Name**


_____

**Date**


A petition containing false information may subject the petitioner to criminal prosecution under Title 18 United States Code Section 1001 and Title 18 United States Code Section 1621.


**Attached Documents:**

USAO_0000103131



# CLAIM FORM

**YOU MUST COMPLETE <u>ALL</u> PARTS OF THIS FORM FOR THE ASSETS YOU ARE CLAIMING.**

**Note**: There is no legal form or format required for filing a claim; this document is provided for your convenience. Please visit https://www.forfeiture.gov/FilingClaim.htm for more specific guidance on filing your claim with the appropriate seizing agency.

**Frivolous Claim Statement:** If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.

**Privacy Act Notice:** The Department of Justice is collecting this information for the purpose of processing your claim. Providing this information is voluntary; however, the information is necessary to process your application. Information collected is covered by Privacy Act System of Records Notice Department of Justice (DOJ), DOJ-002-DOJ Computer Systems Activity & Access Records, Federal Register (71 FR 29170). This information may be disclosed to contractors when necessary to accomplish an agency function, to law enforcement when there is a violation or potential violation of law, or in accordance with other published routine uses. For a complete list of routine uses, see the system of records notice listed above.

USAO_0000103132

## SECTION I - CONTACT INFORMATION

| CLAIMANT INFORMATION | |
|---|---|
| **Claimant/Contact Name:** (Last, First)<br>De Hoop Cartier, Maximilien | |
| **Business/Institution Name:** (if applicable)<br>AZ Technologies | **Prisoner ID:** (if applicable) |
| **Address:** (Include Street, City, State, and Zip Code)<br>16192 Coastal Highway<br>Lewes, DE 19958 | |
| **Social Security Number/Tax Identification Number:** (Enter N/A if you do not have one)<br>38-4137060 | |
| **Phone:** (optional) | **Email:** (optional) |

| ATTORNEY INFORMATION (if applicable) | |
|---|---|
| **Attorney Name:** (Last, First)<br>Allee, Benjamin | |
| **Attorney Title:** | |
| **Firm Name:** (if applicable)<br>Yankwitt LLP | |
| **Attorney Address:** (Include Street, City, State, and Zip Code)<br>140 Grand St.<br>Suite 705<br>White Plains, NY 10601 | |
| **Are you an attorney filing this claim on behalf of your client?** [X] Yes [ ] No | |
| **Attorney Phone:** (optional)<br>914-686-1500 | **Attorney Email:** (optional)<br>benjamin@yankwitt.com |

*If any of this information changes, you are responsible for notifying the agency of the new information.*

## SECTION II - ASSET LIST

*List each asset ID and asset description that you are claiming.*

| # | Asset ID | Asset Description |
|---|---|---|
| 1 | 21-DEA-677429 | Financial Instrument - Checking and Savings Accounts -  Value = $329,341.03, SN: ****6275 seized by the DEA  on April 6, 2021 in Riverside, RI. |
| 2 | 21-DEA-677435 | Financial Instrument - Checking and Savings Accounts -  Value = $125,496.00, SN: ****6259 seized by the DEA  on April 6, 2021 in Riverside, RI. |

USAO_0000103133

## <u>SECTION III - INTEREST IN PROPERTY</u>

*Identify your interest in each of the assets you are claiming. If you are filing for multiple assets and the responses are not the same for each asset, please print out multiple copies of this page to submit with the claim. If you have documentation that supports your interest in the claimed assets (e.g., bill of sale, retail installment agreements, contracts, titles or mortgages), please include copies of the documents with the submission of the claim.*

| INTEREST IN PROPERTY INFORMATION | |
|---|---|
| **Asset ID** | **Asset Description** |
| 21-DEA-677429 | Financial Instrument - Checking and Savings Accounts -  Value = $329,341.03, SN: ****6275 seized by the DEA  on April 6, 2021 in Riverside, RI. |
| 21-DEA-677435 | Financial Instrument - Checking and Savings Accounts -  Value = $125,496.00, SN: ****6259 seized by the DEA  on April 6, 2021 in Riverside, RI. |

**In the space below, please explain why you have a valid, good faith, and legally recognizable interest in this asset:**

The seized property comprises funds in two bank accounts of Delaware companies -- Softmill LLC and AZ Technologies LLC (the "Transaction Processing Companies") -- containing exclusively proceeds of lawful transactions involving cryptocurrency trades.  The cryptocurrency transactions were by clients of the Transaction Processing Companies and made on a cryptocurrency trading platform called OSL.  The Transaction Processing Companies performed due diligence on their clients to vet them and ensure compliance with all regulatory requirements.  OSL is a recognized trading platform focused on digital asset trading and trading services for institutional and professional traders.  None of the funds, as far as the CEO and principal of the companies is aware, are proceeds of drug distribution or traceable to proceeds of drug distribution.

**In the space below, please list any documents you are including in support of your interest in the asset(s). If none are included, please explain why.**

* Letter re: Kroll due diligence - 2019.10.31 Silvergate Bank - VC Innovated Technologies LLC.pdf
* Risk assessment summary - 2019.10.31 VC Innovated Technologies LLC Internal Risk  Assessment-2.pdf
* Duff and Phelps AML training - 2019.11 - VC - AML Training - MSB.pdf
* VC policies - 2020.01.09 - VC Innovated Technologies LLC AML Policy.pdf
* AZ tech offsets and wires - AZ Tech Offsets and Wires 202007 to 20210228 (1).pdf
* AZ tech statements - AZ Tech Statements 202007 to 202102 (2).pdf1.pdf
* 5.5.21 letter of confirmation - CITIBANK 2.pdf
* 7.21.21 letter re: summary table - De Hoop Cartier.pdf
* 5.7.21 letter of confirmation - LETTER OF CONFIRMATION 1.pdf
* 5.7.21 letter of confirmation 2 - LETTER OF CONFIRMATION 2.pdf
* 4.24.21 letter of confirmation - Letter of Confirmation.pdf
* Softmill wires - Softmill all wires.pdf
* Softmill statements - Softmill Statements 202007 to 20210228.pdf
* Summary table - SUMMARY FILE.pdf
* VC business plan - VC BP.pdf
* VC statements - VC Statements 202007 to 202102 (1).pdf
* VC wires - VC Wires 202007 to 202102.pdf
* 5.1.21 letter of confirmation - WIRE WELLS FARGO LFG HOSPITALITY LLC.pdf
* VC MSB registration - VC Innovated Technologies MSB Registration copy.pdf

USAO_0000103134

## SECTION IV - RECOVERY OF LOSS

No Recovery of Loss exists.

## SECTION V - DECLARATION AND REPRESENTATION

*The following declaration must be completed by the claimant.*

I attest and declare under penalty of perjury that my claim is not frivolous and the information provided in support of my claim is true and correct to the best of my knowledge and belief.

_____

**Signature**

De Hoop Cartier, Maximilien

_____

**Printed Name**

_____

**Date**

### Sworn Notice of Representation

*This section must be completed only by claimants who are represented by an attorney.*

I have retained the above-named attorney to represent me in this matter. I have reviewed the foregoing claim and found that its contents are accurate to the best of my information and belief. I declare under penalty of perjury that the foregoing information is true and correct.

_____

**Signature**

De Hoop Cartier, Maximilien

_____

**Printed Name**

_____

**Date**

If a court finds that a claimant's assertion of an interest in property was frivolous, the court may impose a civil fine. Title 18 United States Code, Subsection 983(h). A false statement or claim may subject a person to criminal prosecution under Title 18 United States Code, Sections 1001 and 1621.

**Attached Document List:**

USAO_0000103135



140 Grand Street, Suite 705, White Plains, New York 10601
t 914.686.1500 · f 914.487.5000 · www.yankwitt.com

White Plains, NY
Atlantic City, NJ

February 7, 2022

**By Email**

Justin Ashenfelter, Esq.
Assistant United States Attorney
U.S. Attorney's Office
Eastern District of Pennsylvania
615 Chestnut Street
Philadelphia, PA 19106
justin.ashenfelter@usdoj.gov

Re:    **In Re: Seizure of All Funds in Citizens Bank Accounts 4020476267, 4020476275, and 4020476259**

Dear Mr. Ashenfelter:

We represent Maximilien De Hoop Cartier, the owner and CEO of VC Innovated Technologies, LLC ("VC Tech").  We submit this letter as a follow up to our previous letter to you of October 26, 2021, our meeting in person with you and others on December 1, 2021, and our phone discussions, comprising attempts to resolve this matter without need for litigation.  As set forth below, were there litigation in this matter, the likely outcome would be favorable for VC Tech and its affiliates (the "Trading Companies"), because (1) Mr. Cartier was an innocent owner, and (2) the seized funds were legitimate business proceeds that are not traceable to drug transactions or money laundering.  In a further attempt to avoid such litigation, we respectfully request that the Government reconsider its settlement position in light of these points.

**Background**

We set forth relevant background in our previous letter of October 26.  Since that time, on December 1, Mr. Cartier traveled to and met in good faith with yourself and five other individuals comprising your colleague and Special Agents and analysts with the Drug Enforcement Administration ("DEA") at the DEA's office in Philadelphia.  Without seeking a proffer agreement, Mr. Cartier answered fully and truthfully every question asked of him by all of the prosecutors and law enforcement officers at the meeting, over several hours.

Mr. Cartier's voluntary proffer, during which he fully answered all of the Government's questions, left no reasonable doubt that, as we have asserted from the outset of our disscisions, he is a legitimate businessman who conducts international cryptocurrency transactions through recognized exchanges.  He conducts those transactions for clients whom he vets through the use of reputable consultants, Kroll and later Trulioo.  He makes a small profit margin on the



transactions (roughly 1-1.5%).  He does not participate in, and has no financial or other interest in participation in drug distribution or money laundering.

Mr. Cartier's voluntary proffer further made plain that the transactions that the Government relied on for purposes of seizing all of the funds of Mr. Cartier's legitimate business in three bank accounts, were brought to Mr. Cartier by a customer whom Mr. Cartier had vetted personally and through a consultant.  The customer ran a legitimate business, which Mr. Cartier had visited personally, and conducted lawful transactions with Mr. Cartier previously.  The customer then requested that Mr. Cartier conduct cryptocurrency transactions for another entity, which had a bank account in the United States, and Mr. Cartier did so.  Mr. Cartier had no knowledge then, and still has no knowledge, that the funds he received from this entity were proceeds of criminal activity.

As Mr. Cartier answered at the voluntary proffer and as documents we voluntarily provided showed, Mr. Cartier promptly sent the funds he received, which we understand the Government contends are proceeds traceable to drug distribution and/or money laundering, to OSL and Galaxy, respectively, to complete the cryptocurrency transactions as requested.  The allegedly forfeitable funds, in other words, were gone from the Trading Companies' bank accounts months before the Government seized all funds in those accounts.  The seized funds, on the contrary, are undisputedly not the proceeds of criminal activity, but rather are comprised of Mr. Cartier's working capital and the funds of other of his legitimate clients.

The Government's seizure of all of the funds has crippled Mr. Cartier's ability to continue conducting legitimate cryptocurrency transactions, effectively shutting down his business.  As we set forth in our October 26 letter, the Trading Companies since their outset have used Kroll and later Trulioo to implement Anti-Money Laundering and Know-Your-Customer Programs, which included vetting and reaching contracts with potential customers, and have had more than sixty customers since their founding, on behalf of whom the Trading Companies make cryptocurrency trades pursuant to master purchase agreements.  In 2020, the Trading Companies conducted over 2,000 trades on behalf of more than sixty customers.  (*Id.* at 2; *see generally* Trading Companies' Bank Statements and Trading Spreadsheets, attached as Exhibit 5.)  The transactions were conducted on OSL and another trading platform, Galaxy Digital.  The transactions conducted by the Trading Companies result in funds being deposited into, among other places, three Citizens Bank accounts of the Trading Companies, which funds are then transferred to customers, with the Trading Companies earning a small profit margin on each transaction.  The Government's seizure, however, has shut this legitimate business down.  A fair resolution or litigation is required for Mr. Cartier to return to work.

### Mr. Cartier Is an Innocent Owner

First, Mr. Cartier is an innocent owner, which, when shown by a preponderance of the evidence, is a complete affirmative defense to forfeiture.  "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute."  18 U.S.C. § 983(d)(1).  *See United States v. One 1973 Rolls Royce, V.I.N. SRH-16266 By & Through Goodman*, 43 F.3d 794, 799 (3d Cir. 1994) ("[N]o owner's interest in property may be forfeited by reason of any act or omission established be that owner to have been committed or omitted without the knowledge

USAO_0000103137



or consent of that owner." (internal quotation marks omitted)).

> With respect to a property interest acquired after the conduct giving rise to the forfeiture has taken place, the term 'innocent owner' means a person who, at the time that person acquired the interest in the property—
>
> (i) was a bona fide purchaser or seller for value (including a purchaser or seller of goods or services for value); and
>
> (ii) did not know and was reasonably without cause to believe that the property was subject to forfeiture.

18 U.S.C. § 983(d)(3)(A); *see United States v. Grass*, 274 F. Supp. 2d 648, 656–57 (M.D. Pa. 2003).

An innocent owner "need only demonstrate that she lacked knowledge of the illegal transactions to interpose the innocent owner defense." *United States v. All Right*, 392 Fed. App'x 85, 93–94 (3d Cir. 2010). "The test is an 'objective' one. *United States v. $822,694.81 in United States Currency, Seized from Acct. No. XXXXXXXXXXX, Held in Names of Godwin Ezeemo & Winifred C.N. Ezeemo, at Bank of Am.*, No. 3:13CV545(DFM), 2019 WL 4369936, at *6–7 (D. Conn. Sept. 12, 2019) (citation omitted). In assessing whether a claimant was an innocent owner, courts consider, among other things, whether the transaction at issue had a business purpose, and where an intermediary is involved, the claimant's efforts to familiarize himself with the intermediary's business. *See, e.g.*, *United States v. $175,121.75 in Wells Fargo Bank Funds*, No. CV 15-7149-R, 2016 WL 7655746, at *2–3 (C.D. Cal. June 21, 2016) (rejecting innocent owner defense because claimant "cannot identify any transaction of goods or services in exchange for defendant funds," and because claimant "had a definitive reason to believe that the money was subject to forfeiture," including because claimant had "minimal contact" with the intermediary).

Here, the Government evidently alleges that funds that Mr. Cartier received were forfeitable based on the conduct of others prior to Mr. Cartier's receipt of the funds. It is undisputed, however, that Mr. Cartier had no knowledge of that alleged activity. Moreover, were the Government to pursue a theory of constructive knowledge and/or willful blindness, such theory is belied by the evidence, which Mr. Cartier has provided voluntarily in his answers to the Government's questions and in documents. In particular, Mr. Cartier was running a legitimate trading business, and did not have a definitive reason to believe that the funds at issue were subject to forfeiture. Indeed, the rate he charged for transactions was 1-1.5%, which is nowhere near the rate for money laundering, and which demonstrates his complete lack of knowledge of and financial interest in the allegedly criminal transactions. Rather, the funds were provided to the Trading Companies for purposes of cryptocurrency transactions, which Mr. Cartier processed. Mr. Cartier knew and had vetted the entity that brought the transactions to him, going so far as to visit that entities place of business and performing due diligence on it.



### The Seized Funds Are Not Traceable Proceeds of Criminal Activity

Second, the funds seized by the Government are not forfeitable because the Government cannot trace them to criminal activity. Funds seized by the Government are not forfeitable unless the Government proves they are traceable to criminal activity. *One 1973 Rolls Royce*, 43 F.3d at 799 (citing 21 U.S.C. § 881(a)(6); *United States v. Voigt*, 89 F.3d 1050, 1081 (3d Cir. 1996) (citing 18 U.S.C. § 982(a)). When the Government seizes funds from a bank account that is commingled and the illicit funds are no longer in the bank account, *cf., e.g.*, *United States v. Stewart*, 185 F.3d 112, 129 (3d Cir. 1999), the Government cannot simply forfeit legitimate funds remaining or thereafter deposited into the bank account in a civil forfeiture proceeding. Rather, "[w]here the property involved in a money laundering transaction is commingled in an account with untainted property, . . . the government's burden of showing that money in the account . . . is 'traceable to' money laundering activity will be difficult, if not impossible, to satisfy." *Voigt*, 89 F.3d at 1087.

In some cases in other districts, where the Government shows that it is difficult to untangle commingled illicit and legitimate funds in a bank account, it is permitted to offer testimony of a Special Agent regarding tracing theories such as "lowest intermediate balance," to attempt to meet its "difficult" or "impossible" burden. *See Voigt*, 89 F.3d at 1087; *see, e.g.*, *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1159 (2d Cir. 1986). In the Third Circuit, however, this approach appears not to have been approved as settled law. *See, e.g.*, *United States v. Tartaglione*, No. CR 15-491, 2018 WL 1740532, at *24–26 (E.D. Pa. Apr. 11, 2018), aff'd, 815 F. App'x 648 (3d Cir. 2020); *see also In re Rothstein, Rosenfeldt, Adler, P.A.*, 717 F.3d 1205, 1214 (11th Cir. 2013) (rejecting use of lowest intermediate balance approach in that case, concluding that bank accounts into which criminal proceeds went did not contain forfeitable proceeds).

Here, the funds seized by the Government are, undisputedly, from legitimate transactions comprising Mr. Cartier's working capital of his cryptocurrency business and funds related to legitimate transactions of other customers than the customer on whom the Government is focused. To the extent that the Government would seek to meet its "difficult" or "impossible" burden of showing that the seized funds are nevertheless traceable to criminal activity by invoking the lowest intermediate balance approach, this effort is unlikely to prevail in litigation.

As an initial matter, the lowest intermediate balance approach is not settled law in the Third Circuit. Moreover, this is not a case where the problem solved by the lowest intermediate balance approach even exists. Unlike cases in which courts have found, through that approach or another, that funds in a commingled account are forfeitable, here the bank accounts were not used by a criminal defendant to conduct illegal activity, and the funds that entered the accounts that the Government claims are criminal proceeds undisputedly were removed from the accounts shortly thereafter. In other words, while use of the lowest intermediate balance approach is a "legal fiction" tolerated in some circumstances because funds are extensively commingled, here the allegedly forfeitable funds are directly traceable, but the tracing leads elsewhere than the Trading Companies' bank accounts. The allegedly forfeitable funds, in short, are gone from Mr. Cartier's accounts. There is no basis for alternatively forfeiting Mr. Cartier's plainly legitimate funds, remaining in his accounts, on the ground that those accounts formerly held allegedly

USAO_0000103139



forfeitable proceeds.  *See, e.g.*, *In re Rothstein*, 717 F.3d at 1214.  Mr. Cartier, as noted, is completely innocent, and there is no substitute asset provision applicable to allow the taking of his legitimate funds.

### Settlement and Mitigation

As we have discussed repeatedly, we are appreciative of the opportunity to discuss this case with you, to present evidence to you including meet in order that you inquire of and evaluate Mr. Cartier, and ultimately to make all efforts to resolve this matter fairly on what, in our view, are undisputed facts.  We have not challenged to date and accept for purposes of these settlement discussions that the funds identified by the Government that went into the Trading Companies' bank accounts were, unbeknownst to Mr. Cartier, criminal proceeds.  We offer the foregoing analysis of weaknesses in the Government's case not to pursue litigation over that or other issues with you, but in the hope of avoiding it.

"If a pre-filing investigation reveals that an owner with standing has a viable innocent owner defense, prosecutors should refrain from proceeding with a forfeiture action against that property."   2021   Asset   Forfeiture   Policy   Manual,   at   87,   *available   at* https://www.justice.gov/criminal-afmls/file/839521/download.   In addition, in a case where forfeiting the entirety of an allegedly forfeitable sum would be grossly disproportionate, then prosecutors "must attempt to mitigate the forfeiture.  For example, a prosecutor may seek to forfeit only a divisible portion of the property otherwise subject to civil forfeiture."  *Id.*

Here, these principles guiding the Government's discretion regarding pre-litigation resolution apply.  Mr. Cartier is not a criminal.  He is a legitimate businessman who has been shut down by the seizure of all of his Trading Companies' funds.  He had no knowledge of the activity that the Government presumably alleges took place by others.  He was not willfully blind.   The funds the Government seized, moreover, are undisputedly not the proceeds of whatever criminal activity the Government alleges took place.  Attempting to forfeit the seized funds, using a theory that is not clearly accepted law in this Circuit and that is inapplicable to the instant circumstances, would be unfairly punitive to Mr. Cartier.  It would equate him to a criminal defendant, whose legitimate funds are subject to forfeiture as a substitute asset.  Mr. Cartier's legitimate funds are not a substitute asset for the ill-gotten gains of others, and a resolution equating them as such would be grossly disproportionate.

These factors can and should be given substantial weight by the Government in using its discretion to reach a settlement.  We urge the Government to do so and reconsider its settlement position, in order that this case be reasonably resolved without the need for litigation.

USAO_0000103140



This communication is for purposes of settlement, and the foregoing includes confidential information.  Accordingly, we request confidential treatment of this letter.

We thank you for your consideration.

Very truly yours,

YANKWITT LLP

By: _____

Benjamin Allee

USAO_0000103141

| Wire Information | | | |
|---|---|---|---|
| re Type: | DOMESTIC | Wire Date: | 11/27/2020 |
| untry: | US | Wire Amount (USD): | 150.000.00 |
| rrency of Recipient Account: | USD | Wire Fee: | 30.00 |
| urce: | IN PERSON | | |
| Verification/Type: | U.S. DRIVER'S LICENSE (WITH OR WITH | | |
| Verification/Type: | U.S. ISSUED EMPLOYMENT/WORK ID CARD | | |

| Recipient Information | | | |
|---|---|---|---|
| cipient Name: | AZ TECHNOLOGIES LLC | Bank Name: | CITIZENS BANK NATIONAL ASSOCIAT |
| count Number Type: | ACCOUNT NUMBER | Bank ID: | 021313103 |
| count Number: | 4020476259 | Address: | 1 CITIZENS PLAZA |
| dress: | LEWES | | PROVIDENCE |
| | DELAWARE 19958 US | | RI 02903 US |
| ormation about yment: | | | |
| rpose of Payment: | SERVICES | Additional Phone Advice: | |
| ditional Reference ormation: | | Additional Bank Instructions: | |

USAO_0000103142

| Wire Information | | |
|---|---|---|
| Wire Type: | DOMESTIC | Wire Date: 11/27/2020 |
| Country: | US | Wire Amount (USD): 150.000.00 |
| Currency of Recipient Account: | USD | Wire Fee: 30.00 |
| Source: | IN PERSON | |
| ID Verification/Type: | U.S. DRIVER'S LICENSE (WITH OR WITH | |
| ID Verification/Type: | U.S. ISSUED EMPLOYMENT/WORK ID CARD | |

| Recipient Information | | |
|---|---|---|
| Recipient Name: | SOFTMILL LLC | Bank Name: CITIZENS BANK NATIONAL ASSOCIA |
| Account Number Type: | ACCOUNT NUMBER | Bank ID: 021313103 |
| Account Number: | 4020476275 | Address: 1 CITIZENS PLAZA |
| Address: | LEWES | PROVIDENCE |
| | DELAWARE 19958 US | RI 02903 US |
| Information about payment: | | Additional Phone Advice: |
| Purpose of Payment: | SERVICES | |
| | | Additional Bank Instructions: |
| Additional Reference Information: | | |

Customer Approval

...in the instructions herein (including debiting my account if applicable), and ...this is a foreign ...

USAO_0000103143

| Wire Information | | | | |
|---|---|---|---|---|
| Wire Type: | DOMESTIC | | Wire Date: | 11/27/2020 |
| Country: | US | | Wire Amount (USD): | 150,000.00 |
| Currency of Recipient Account: | USD | | Wire Fee: | 30.00 |
| Source: | IN PERSON | | | |
| ID Verification/Type: | U.S. DRIVER'S LICENSE (WITH OR WITH | | | |
| ID Verification/Type: | U.S. ISSUED EMPLOYMENT/WORK ID CARD | | | |

| Recipient Information | | | | |
|---|---|---|---|---|
| Recipient Name: | VC INNOVATED TECHNOLOGIES LLC | Bank Name: | CITIZENS BANK NATIONAL ASSOCIATION | |
| Account Number Type: | ACCOUNT NUMBER | Bank ID: | 021313103 | |
| Account Number: | 4020476267 | Address: | 1 CITIZENS PLAZA | |
| Address: | LEWES DELAWARE 19958 US | | PROVIDENCE RI 02903 US | |
| Information about payment: | | | | |
| Purpose of Payment: | SERVICES | Additional Phone Advice: | | |
| | | Additional Bank Instructions: | | |
| Additional Reference Information: | | | | |

Customer Approval

USAO_0000103144

Transfer status: In Process
Order Number: 319820898

**Transfer Accounts**

**Accounts**

From:  Full Analysis Bus  ˙hk – 4479 :

To:  Softmill LLC (6275)  ˙itizens B

**Transfer Details**

**Send amount**

Send ˙ ˙ount:  $93,256.08

Additio. ˙l fee:  $30.00

**Transfer description**

**Transfer dates**

Frequency:  One time only

Delivery speed:  Same Day

Start on date:  12/02/2020

Estimated delivery date:  12/02/2020
Note:The receiving bank may ˙

**Send email to recipient**

Email to:

USAO_0000103145



| Wire Information | | | |
|---|---|---|---|
| Wire Type: | DOMESTIC | Wire Date: | ..02/2020 |
| Country: | US | Wire Amount (USD) | 150,000.00 |
| Currency of Recipient Account: | USD | Wire Fee: | 0.00 |
| Source: | IN PERSON | | |
| ID Verification/Type: | U.S. DRIVER'S LICENSE (WITH OR WITH | | |
| ID Verification/Type: | BANK ... AMERICA DEBIT CARD, ATM CAR | | |

| Recipient Information | | | |
|---|---|---|---|
| Recipient Name: | AZ TECHNOLOGIES LLC | Bank Name: | CITIZENS BANK NATIONAL ASSOCIATION |
| Account Number Type: | ACCOUNT NUMBER | Bank ID: | 021313103 |
| Account Number: | 4020476259 | Address: | 1 CITIZENS PLAZA |
| Address: | .6192 COASTAL HIGHWAY | | PROVIDENCE |
| | LEWE... | | RI 02903 US |
| | DELAWARE 19958 US | | |

Information about payment:

Purpose of Payment:   SERVICES

Additional Phone Advice:

Additional Bank Instructions:

Additional Reference Information:

**Customer Approval**

I authorize Bank of America to transfer my funds as set forth in the instructions herein (including debiting my account if applicable), and agree that such ... Transfer Agreement (see disclosure pages of this form) and applicable fees. If this is a foreign currency wire ... ...load by Bank of America.

USAO_0000103146



USAO_0000103147

Reference No.: N94123264332

Fund transfer to accounts with other banks by remittance

| | |
|---|---|
| Deduct From Account | 369-645163-883, Integrated Account USD Savings |
| Beneficiary Status | Registered |
| Beneficiary | |
| Account Number/IBAN | 4020476259 |
| Beneficiary Name | AZ TECHNOLOGIES LLC |
| Beneficiary Address | 16192 COSTAL HIGHWAY |
| Beneficiary Bank | |
| SWIFT Code | CTZIUS33 |
| Name | CITIZENS BANK |
| Address | |
| City | UNITED STATES |
| Location | UNITED STATES |
| Clearing Code | |
| Intermediary Bank | |
| SWIFT Code | |
| Name | |
| Address | |
| City | |
| Location | |
| Clearing Code | |
| Remit Currency and Remit Amount | USD 99,865.00 |
| Debit Date | 14-12-2020 |
| Purpose of Payment/ Message to Beneficiary | |
| Handling Fees | The beneficiary will pay Hang Seng Bank charges, charges of its banker and correspondent's charges (if any). |
| Deduct Fees From | Not Applicable |

USAO_0000103148

**Instruction Received**

Reference No.: N94123264316

**Fund transfer to accounts with other banks by remittance**

| | |
|---|---|
| Deduct From Account | 369-645163-883,Integrated Account USD Savings |
| Beneficiary Status | Registered |
| Beneficiary | |
|    Account Number/IBAN | 4020476259 |
|    Beneficiary Name | AZ TECHNOLOGIES LLC |
|    Beneficiary Address | 16192 COSTAL HIGHWAV |
| Beneficiary Bank | |
|    SWIFT Code | CTZIUS33 |
|    Name | CITIZENS BANK |
|    Address | |
|    City | UNITED STATES |
|    Location | UNITED STATES |
|    Clearing Code | |
| Intermediary Bank | |
|    SWIFT Code | |
|    Name | |
|    Address | |
|    City | |
|    Location | |
|    Clearing Code | |
| Remit Currency and Remit Amount | USD 99,986.00 |
| Debit Date | 14-12-2020 |
| Purpose of Payment/ Message to Beneficiary | |
| Handling Fees | The beneficiary will pay Hang Seng Bank charges,charges of its banker and correspondent's charges (if any) |

USAO_0000103149



**Instruction Received**

Reference No.: N94123264386

Fund transfer to accounts with other banks by remittance

| | |
|---|---|
| Deduct From Account | 369-645163-883 Integrated Account USD Savings |
| Beneficiary Status | Registered |
| **Beneficiary** | |
| Account Number/IBAN | 4020476267 |
| Beneficiary Name | VCINNOVATED TECHNOLOGIES LLC |
| Beneficiary Address | 16192 COSTAL HIGHWAV |
| **Beneficiary Bank** | |
| SWIFT Code | CTZIUS33 |
| Name | CITIZENS BANK |
| Address | |
| City | UNITED STATES |
| Location | UNITED STATES |
| Clearing Code | |
| **Intermediary Bank** | |
| SWIFT Code | |
| Name | |
| Address | |
| City | |
| Location | |
| Clearing Code | |
| Remit Currency and Remit Amount | USD 99,724.00 |
| Debit Date | 14-12-2020 |
| Purpose of Payment/ Message to Beneficiary | |
| Handling Fees | The beneficiary will pay Hang Seng Bank charges, charges of its banker and correspondent's charges (if any) |
| Deduct Fees From | Not Applicable |

USAO_0000103150

**Transfer status: In Process**
**Order Number: 322046530**

**Transfer Accounts**

Accounts

From:  Full Analysis Bus Chk –

To:   VC Innovated Technolo

**Transfer Details**

Send amount

Send amount:  $49,805.40

Additional fee:  $30.00

Transfer description

Financial Services

Transfer dates

Frequency:  One time only

Delivery speed:  Same Day

Start on date:  12/22/2020

Estimated delivery date:  12/22/2020

USAO_0000103151



USAO_0000103152



USAO_0000103153