UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INDICTMENT** |
| v. | S7 24 Cr. 133 (MKV) |
| LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, | |
| Defendants. | |

## COUNT ONE
### (Conspiracy to Commit Money Laundering)

The Grand Jury charges:

1.     From at least in or about May 2023 through at least in or about November 2023, in the Southern District of New York and elsewhere, and in an offense begun and committed in the Republic of Colombia and elsewhere out of the jurisdiction of any particular State or district of the United States, LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, the defendants, and others known and unknown, at least one of whom was first brought to and arrested in the Southern District of New York, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit money laundering, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

2.     It was a part and an object of the conspiracy that LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, the defendants, and others known and unknown, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and

through a place outside the United States, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity, and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, to wit, the manufacture, sale, distribution, and importation of controlled substances, in violation of Title 21, United States Code, Sections 841, 952, 959, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3238.)

## COUNT TWO
### (Conspiracy to Import Cocaine)

The Grand Jury further charges:

3.      From at least in or around October 2023, through at least in or about February 2024, in the Southern District of New York and elsewhere, and in an offense begun and committed in the Republic of Colombia and elsewhere out of the jurisdiction of any particular State or district of the United States, LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, the defendants, and others known and unknown, at least one of whom was first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

4.      It was a part and an object of the conspiracy that LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, the defendants, and others known and unknown, would and did import into the United States and into the customs territory of the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

2

5. It was further a part and an object of the conspiracy that LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, the defendants, and others known and unknown, would and did manufacture, possess with intent to distribute, and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

6. The controlled substance that LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, the defendants, conspired to (a) import into the United States and into the customs territory of the United States from a place outside thereof, and (b) manufacture, possess with intent to distribute, and distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Section 963;
Title 18, United States Code, Section 3238.)

**FORFEITURE ALLEGATIONS**

7. As a result of committing the offense alleged in Count One of this Indictment, LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, involved in said offense, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offense.

3

8.     As a result of committing the offense alleged in Count Two of this Indictment, LEONARDO DE JESUS ZULUAGA DUQUE, a/k/a "Rey," and ERICA MILENA LOPEZ ORTIZ, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

9.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred or sold to, or deposited with, a third person;

c.     has been placed beyond the jurisdiction of the Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be subdivided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

FOREPERSON

4/23/26

JAY CLAYTON
United States Attorney

5